IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | | |
|---|---|---|
| Crystal Long<br>12706 Fairwood Pkway<br>Bowie, MD 20720 | * <br><br> * | |
| Plaintiff, | * | Case No.: CAL17-12736 |
| v. | * | **JURY TRIAL DEMAND** |
| Pendrick Capital Partners II, LLC<br>1714 Hollinwood Drive<br>Alexandria VA 22307<br>    **Serve on:**<br>    The Corporation Trust Incorporated<br>    351 West Camden St.<br>    Baltimore, MD 21201 | *<br><br>*<br><br>*<br><br>*<br><br>* | |
| Ability Recovery Services, LLC<br>921 Oak St<br>Scranton PA 18508<br>    **Serve on:**<br>    CSC-Lawyers Incorporating Service Co.<br>    7 St. Paul Street, Suite 820<br>    Baltimore MD 21202 | *<br><br>*<br><br>*<br><br>* | |
| Experian Information Solutions, Inc.<br>505 City Parkway West<br>Orange County, CA 92668<br>    **Serve on:**<br>    The Corporation Trust Incorporated<br>    351 West Camden Street<br>    Baltimore MD 21201-7912 | *<br><br>*<br><br>* | |
| Equifax Information Services, LLC<br>1550 Peachtree Street, NW<br>Atlanta, GA 30309<br>    **Serve on:**<br>    CSC-Lawyers Incorporating Service Compan<br>    7 St. Paul Street, Suite 820<br>    Baltimore MD 21202 | *<br><br>*<br><br>*<br><br>* | |
| Defendants. | * | |

    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### First Amended Complaint and Demand for Jury trial

COMES NOW the Plaintiff, Crystal Long ("Long"), by and through undersigned counsel, Ingmar Goldson, Esq. and The Goldson Law Office, files this Complaint against Defendants, Pendrick Capital Partners II ("Pendrick"), Ability Recovery Services, LLC ("Ability"), Experian Information Solutions, Inc. ("Experian"), and Equifax Information Services, LLC ("Equifax"), for damages for violation of the Fair Debt Collection Practices Act ("FDCPA"), the Maryland Consumer Debt Collection Practices Act ("MCDCA"), and the Maryland Consumer Protection Act ("MCPA"), and in support hereof states as follows:

### Jurisdiction and Venue

1.  The Circuit Court of Maryland has subject matter jurisdiction over the MCDCA and MCPA claims pursuant to Md. Code Ann., Cts. & Jud. Proc. § 1-501. The Circuit Court of Maryland has subject matter jurisdiction over claims brought under the FDCPA pursuant to 15 U.S.C. § 1692k(d) which provides that an action to enforce may be brought in federal court as well as any state court of competent jurisdiction.

2.  All defendants are either located in Maryland or have registered agents in Maryland.

### Parties

3.  Plaintiff, Crystal Long, is an individual who is a citizen of the State of Maryland, and resident of Prince George's County.

4.  Pendrick is a Virginia corporation that alleged a debt owed by Ms. Long. It is a "debt collector" as defined by 15 U.S.C. § 1692a(6) that pursued Plaintiff for collection of a purported debt on behalf originating from services rendered by EMCare-Randall Emergency Phys. Pendrick is registered with the State of Maryland's Department of Labor, Licensing and Regulation ("DLLR") as a Collection Agency, license number 6875.

5.  Ability is a Pennsylvania Corporation "debt collector" as defined by 15 U.S.C. § 1692a(6) that pursued Plaintiff for collection of a purported debt on behalf of Pendrick. Ability is registered with the State of Maryland's Department of Labor, Licensing and Regulation ("DLLR") as a Collection Agency, license number 6393.

6.  Ability's registered agent is in Baltimore, Maryland.

7. Experian and Equifax are credit reporting agencies (CRA's) that continued to falsely report the alleged debt, and refused to acknowledge or hear Ms. Long's claims against the alleged debt.

### Introductory Statement

Congress enacted the FDCPA to provide for a system of fairness and general standards of proscribed conduct in the collection of consumer debts. It also provides specific rights for consumers, and provides for a private cause of action for those harmed by deceptive, abusive, and harassing debt collection actions. Congress enacted the FCRA to regulate credit reporting agencies (like Experian, Equifax, and TransUnion) and to provide remedies for those who have been harmed by negligent and abusive actions by CRA's and those that furnish information to CRA's.

The Plaintiff, Crystal Long, is a responsible Maryland consumer who pays her bills on time. Further, her employment depends on personal financial responsibility, as Long is responsible for managing large sums of money in the course of her employment. With the exception of false debts furnished to the CRA's by Defendant Ability, Long has a spotless reputation for being a person who pays her debts on time. Long takes pride in her financial reputation, and has worked hard to garner the exceptional financial reputation that she deserves.

In an abusive and deceptive scheme, the Defendants damaged the Plaintiff's financial reputation in an attempt to coerce her to pay monies that she did not owe. The debt collectors, Ability and Pendrick, knew that Long did not owe the money, but used the CRA's to help them attempt to extort money from Long. As a result of the extortion scheme and deceptive business practices, Long has been held out of the credit market, and she lives with the anxiety that at any moment her employer could check her credit and read about the libelous false debts that Long allegedly is refusing to pay.

### STATEMENTS OF FACT

8. Plaintiff, Long, is a Maryland resident who has been working in the health insurance and health care industries for over ten (10) years. Long recently became a senior account manager at her current place of employment; a position where she deals hands-on with millions of dollars in transactions on a regular basis. Because of Long's constant exposure to high-dollar transactions, her employer requires good credit and a solid financial reputation. Credit and trustworthiness are of great importance for the maintenance of her employment, and for potential

3

career advancement. Aside from the false, fraudulent and damaging credit reporting described in this complaint, Long has stellar credit and a great reputation as a person who pays her debts on time.

9. As of the filing of this complaint, Long has derogatory reporting on her credit reports that indicate to readers of the credit reports that Long has problems paying her debts, and perhaps should not be trusted around large sums of money.

10. With the exception of the false debts reported by Ability, Plaintiff has spotless credit with no late payments or missed payments reported and no other collection accounts.

11. In November, 2016, Plaintiff began receiving mail from Ability. The mail was in pursuit of a debt that Ability purported to be from EMCare-Randall Emergency Physicians, and subsequently purchased be debt collector Pendrick Capital Partners II.

12. Plaintiff never received care from EMCare-Randall Emergency Physicians, and never had any contact with Pendrick.

13. Plaintiff was first contacted by Adam Russell from Ability, with two collection letters; one for $1,125.00, and another for $74.00. Mr. Russell alleged that the bills were a communication from a debt collector and payment was due to Ability Recovery Services, LLC for a debt owed to creditor Pendrick.

14. Ms. Long contacted Ability and notified its representative that their records were incorrect and that she did not have any connection to the alleged debt. Ms. Long also stated to the representative that the relevant date of birth in Ability's records was not the same as hers, and that she had never received care or services from EMCare-Randal Emergency Phys.

15. When Long called Ability, Ability's representative recited facts relating to the person who received services from EMCare that Long did not recognize. The name, and date of birth of the person treated at EMCare did not match Long's. Long made it clear to Ability that the debt was not hers.

16. After Ability failed to verify the debt with Long during the phone call, Ability's representative told Long that if she did not have to pay the $74 debt, but threatened to report the $1,125 debt to the CRA's. This is extortion.

17. In December 2016, Long was alerted that a derogatory trade line appeared on her credit reports. Upon checking her credit, Long learned that Ability followed through with its threat and reported the false debt.

18. On December 17, 2016, Ms. Long disputed the false reporting to Equifax via the Equifax website and by sending a letter to its Complaint Department. Ms. Long indicated in her

4

letter that she was disputing the debt because it was not hers and because it was being falsely reported on her credit report. She also requested that Equifax investigate the error and delete relevant from her credit report because it was false.

19. In January, Ms. Long discovered the false reporting was continuing with all three credit reporting agencies - TransUnion, Equifax, and Experian. Subsequently, on January 31, 2017, she sent letters to each, disputed the inaccurate information, and requested that the debt be investigated and removed from her credit history.

20. In February, Ms. Long received responses from the three credit reporting agencies. TransUnion stated that it deleted the Ability trade line. Experian's response stated that it will continue to report the Ability trade line. Equifax stated that it will continue to report the Ability trade line, and specifically stated that it "verified that this item belongs to you."

21. Defendants Experian and Equifax sell consumer reports that reduce Plaintiff's consumer and financial reputation down to a bite-size report. This report determines how Plaintiff is treated in the employment market, and in the credit market. With false negative reporting, Plaintiff may be wrongly denied employment or promotions, and Plaintiff will qualify for credit subject to higher interest rates.

## COUNT I – Violation of the Fair Credit Reporting Act
## Against Ability, Experian and Equifax
## 15 USC §§ 1681 et. seq.

22. The preceding allegations of this Complaint are reiterated and incorporated herein by reference as if fully set forth herein.

23. The FCRA requires that a furnisher such as Ability, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

24. From November 2016 until February 2017, Ability has provided inaccurate information to Experian, TransUnion, and Equifax. Upon information and belief, Ability reports the false debt to Experian and Equifax as of the filing of this Amended Complaint. Ability

reported the inaccurate information for its inclusion on the Plaintiff's credit reports with each of the CRA's.

25. Plaintiff also notified Ability directly of the errors by phone.

26. Plaintiff disputed the erroneous Ability reporting with Equifax four times; three times by letter, and once with an online dispute.

27. Plaintiff disputed the erroneous Ability reporting with Experian twice by letter.

28. Upon an April 26, 2017 check of her credit, Plaintiff learned that the erroneous Ability reporting remained on her Equifax and Experian credit reports.

## Breach of Furnisher's Duty to Provide Accurate Information

29. 15 U.S.C. § 1681s-2 prohibits furnishers from reporting inaccurate information, and sets forth the furnisher's duty to investigate the completeness and accuracy of the information reported when the furnisher receives a dispute from a consumer.

30. After receiving the dispute notice that, upon information and belief, Transunion, Experian, and Equifax sent to Ability, Ability failed to do a reasonable investigation, and continued to report the inaccurate information.

31. Defendant Ability engaged in conduct that violates 15 USC § 1681s-2(a), (b), by:

    a. Willfully and/or negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

    b. Willfully and/or negligently failing to review all relative information concerning Plaintiff's identity and account details.

    c. Willfully and/or negligently failing to report the results of investigations to Experian, TransUnion, and Equifax;

    d. Willfully and/or negligently failing to report an accurate status of the inaccurate information to Experian, TransUnion, and Equifax;

    e. Willfully and/or negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

    f. Willfully and/or negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to Experian, Equifax, Transunion and potentially other credit reporting agencies; and

g. Willfully and/or negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 USC § 1681s-2(a), (b).

32. After Plaintiff's numerous disputes directly to the Furnisher, Ability, and to Experian and Equifax, Ability continues to dispute the inaccurate information, and failed to report the account as "disputed" as it is required to by law.

33. Defendant Ability's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined above, and as a result, Ability is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as other such relief permitted by the FCRA.

### Failure to Reinvestigate Disputed Information

34. The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a CRA is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(2)(A).

35. The FCRA further requires the CRA, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the CRA to "include all relevant information regarding the dispute that the agency received from the consumer." 15 USC § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the CRA is required to "review and consider all relevant information submitted by the consumer." Id.

36. The Defendants, Experian and Equifax, failed to conduct a reasonable reinvestigation of the inaccuracy that the Plaintiff disputed.

37. The Defendants, Experian and Equifax, failed to review and consider all relevant information submitted by Plaintiff.

38. The Defendants, Experian and Equifax, did not report the Ability trade line as "disputed" even though they had actual knowledge that the Ability trade line was disputed by

39. As a direct and proximate result of the above-described violations of § 1681i of the FCRA, Plaintiff has sustained damages.

7

### Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy

40. Despite receiving complaints and disputes from the Plaintiff, the CRA's, Experian and Equifax, have failed to correct the disputed erroneous information. Further, the defendant CRA's did not even report that the erroneous medical account was disputed by the Plaintiff.

41. The Defendants, Experian and Equifax, failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information, and file, in violation of 15 USC § 1681e(b).

42. As a direct and proximate result of the above-described violations of § 1681e(b) of the FCRA, Plaintiff has sustained damages.

**WHEREFORE**, Plaintiff requests that this Honorable Court render a judgment in favor of the Plaintiff against Defendants for actual damages including damages for damage to health and mental anguish, and punitive damages in an amount in excess of $75,000.

### COUNT II – Against All Defendants
### Defamation

43. The allegations contained in all preceding paragraphs are incorporated herein as if re-alleged.

44. In reporting the false debt, and maintaining it on Plaintiff's credit report, Defendants knowingly made false and defamatory statements about Plaintiff.

45. In the alternative, Defendants negligently made the aforementioned false and defamatory statements about Plaintiff.

46. Defendant Pendrick published this false and defamatory publication to Ability, who, after Long informed them so, understood this publication to be defamatory.

47. Defendant Ability published this false and defamatory publication to Equifax, TransUnion, and Experian, who reasonably understood this publication to be defamatory.

48. Defendants Equifax and Experian published this false and defamatory publication to Plaintiff's credit history, which is accessibly by banks, potential employers, and other businesses, who would reasonably understand this publication to be defamatory.

49. All Defendants acted with knowledge of, or with negligence to, the falsity of the statements, once Plaintiff informed all Defendants that Plaintiff did not have any connection to the alleged debt and that the alleged debt was false.

50. As a result of the false and defamatory statements published by each Defendant, the character and reputation of Plaintiff were harmed, her standing and reputation before creditors was impaired, and she suffered mental anguish and personal humiliation, particularly considering her perfect management of her finances and her previously impeccable credit record.

**WHEREFORE**, Plaintiff requests that this Honorable Court render a judgment in favor of the Plaintiff against Defendants for actual damages including damages to health and mental anguish, and punitive damages in an amount in excess of $75,000.

## COUNT III – Against Defendants Pendrick and Ability Only
### Fair Debt Collection Practices Act (FDCPA) – 15 U.S.C. § 1692 et. al.

51. The allegations contained in all preceding paragraphs are incorporated herein as if re-alleged.

52. The FDCPA was passed in 1978 to promote ethical business practices by debt collectors, and to protect consumers who have been harmed by abusive or deceptive debt collectors.

53. The FDCPA is a strict liability statute that provides for actual or statutory damages upon the showing on one violation. See 15 U.S.C. § 1692k(a); Bradshaw v. Hilco Receivables, LLC, 765 F. Supp.2d 719, 725 (D. Md. 2011).

54. 15 U.S.C. 1692f(1) prohibits debt collectors from collecting "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." In the instant case, as fully outlined *supra*, Defendants Pendrick and Ability engaged in a collection effort that was unjustified and unverified, and without any grounds in a contract or services rendered. Defendants Pendrick and Ability are attempting to collect amounts of $1,125 and $74 that Ms. Long does not owe. Ms. Long never received any care or services from EMCare, the alleged former creditor.

55. In further and more egregious violation of 15 U.S.C. 1692(f), Pendrick and Ability threatened to furnish negative and fraudulent debts to the three CRA's as a means to attempt to extort over a thousand dollars from Long. Long did not pay, and soon after the threat, Long received credit alerts that the fraudulent debt had been reported.

56. 15 U.S.C. 1692e(10) prohibits debt collectors from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." In the instant case, as fully outlined *supra*, Defendants Pendrick and Ability not only

9

disseminated false financial information about the Plaintiff, but also refused to stop furnishing the fraudulent information after Long disputed the debt.

57. As a direct result of Defendants Pendrick's and Ability's acts, practices and conduct, Plaintiff suffered actual damages, economic damages, and damages regarding credit damage, anxiety, sleeplessness, and emotional distress from the prospect of job-loss and having hard-earned money taken away from her to satisfy a fraudulent debt.

**WHEREFORE,** it is requested that this Honorable Court render a judgment in favor of the Plaintiff against Defendants Pendrick and Ability for all reasonable damages sustained by Plaintiff, including, but not limited to, damages for emotional distress and mental anguish, reasonable attorney's fees, court costs, and any further relief that this Court deems just and proper.

### COUNT IV – Against Defendants Pendrick and Ability

### MARYLAND CONSUMER DEBT COLLECTION ACT (MCDCA) - Md. Code Ann., Com. Law §§ 14-201 et. seq.

**A. Violations of MCDCA, Md. Code Ann., Com. Law § 14-202(8)**

58. The allegations contained in all preceding paragraphs are incorporated herein as if re-alleged.

59. Defendant Pendrick is a "collector" as defined by Md. Com. Law Code Ann. § 14-201(b).

60. Defendant Ability is a "collector" as defined by Md. Com. Law Code Ann. § 14-201(b).

61. Pursuant to MCDCA § 14-202(8), collectors (Defendants) may not "Claim, attempt, or threaten to enforce a right with knowledge that the right does not exist."

62. Both Defendants breached MCDCA § 14-202(8) when they:

   a. Pursued Plaintiff for a debt that was false,
   b. Threatened to report the false debt to the CRA's if the Plaintiff did not pay (extortion),
   c. Reported the false debt to CRA's, and
   d. Refused to stop reporting the false debt, even after numerous disputes directly and through the CRA's.

63. Defendant debt collectors had knowledge that Plaintiff never received services from the EMCare, and that Plaintiff did not owe the alleged debt. However, the Defendant debt collectors persisted in their collection efforts.

64. As a result of Defendant's breaches of MCDCA, Plaintiff suffered actual damages that include financial loss, damage to credit and credit history, mental anguish, and frustration.

### B. Violation of MCDCA, Md. Code Ann., Com. Law § 14-202(3)

65. The allegations contained in all preceding paragraphs are incorporated herein as if re-alleged.

66. MCDCA § 14-202(3) states that collectors (Defendants) may not "Disclose or threaten to disclose information which affects the debtor's reputation for credit worthiness with knowledge that the information is false."

67. When Defendants reported the disputed debt to the credit reporting agencies, knowing it was a false debt, Defendants breached MCDCA § 14-202(3).

68. Defendants had knowledge that Plaintiff did not owe a debt to the former creditor.

69. As a result of Defendants' breaches of MCDCA, Plaintiff suffered actual damages that include financial loss, damage to credit and credit history, mental anguish, and frustration.

**WHEREFORE**, it is requested that this Honorable Court render a judgment in favor of the Plaintiff against Defendants Pendrick and Ability for all reasonable damages sustained by Plaintiff, including, but not limited to, damages for emotional distress and mental anguish, reasonable attorney's fees, court costs, and any further relief that this Court deems just and proper.

### COUNT V – Against Defendant Pendrick and Ability Only

### MARYLAND CONSUMER PROTECTION ACT - Md. Code Ann., Com. Law §§ 13-301 et. seq.

70. The allegations contained in all preceding paragraphs are incorporated herein as if re-alleged.

71. The MCDCA provides a remedy for consumers who are harmed by unfair or deceptive trade practices. Included in the MCDCA's definition of unfair or deceptive trade practices is any "false, falsely disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers."

11

72. The Ability employee who told Plaintiff that Ability was not going to report the purported debt made a false and/or misleading statement to Plaintiff considering the reporting and collection actions following those statements.

73. The aforementioned breaches of the MCDCA in Count IV are also violations of the Maryland Consumer Protection Act, Md. Code Ann., Com. Law § 13-301(14)(iii), which maintains that violations of the Maryland Consumer Debt Collection Act are Unfair or Deceptive Trade Practices, and are therefore violations of the Maryland Consumer Protection Act.

74. As a proximate result of the Ability's intentional violations of the Maryland Consumer Protection Act, Plaintiff has suffered damages, including emotional distress, mental anguish, embarrassment, and many other damages.

75. The Maryland Consumer Protection Act allows attorney's fees to be recovered in actions where the consumer prevails.

### COUNT VI – Against All Defendants

### Declaratory and Injunctive relief

76. The allegations contained in all preceding paragraphs are incorporated herein as if re-alleged.

77. Plaintiff is entitled to declaratory relief from this Court, establishing that she does not owe the purported debts to Pendrick or Ability.

78. Plaintiff is entitled to injunctive relief from this court, restraining all Defendants from continuing to report the false and damaging purported debts at issue in this Complaint.

### CONCLUSION

79. As a direct and proximate result of the foregoing, Plaintiff has suffered damages including, but not specifically limited to, frustration, aggravation, inconvenience, and embarrassment.

80. Plaintiff states that her damages, as set forth herein, exceed the minimum jurisdiction of the court, and the Circuit Court for Baltimore County has both jurisdiction and venue for resolution of this dispute.

**WHEREFORE**, Plaintiff respectfully prays this Court for relief as follows:

A. Judgment against the Defendants for at least $75,000 or in such amounts as will fairly and reasonably compensate her for injuries and damages set forth in this complaint;

B. For all reasonable damages sustained by Plaintiff, including, but not limited to, statutory damages, actual damages, and compensatory damages associated with inconvenience, frustration, emotional distress, embarrassment, and aggravation;

C. For costs incurred in pursuant of this action;

D. For attorney fees pursuant to the FDCPA and MCPA;

E. For injunctive relief, requesting Defendants remove and negative trade marks from Consumer Reports, and requesting Defendants cease defaming Plaintiff with false negative credit reporting; and

F. Any and all other relief to which it may appear the Plaintiff is entitled.

## CONCLUSION

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of the Plaintiff against the defendants in this matter for an amount in excess of $75,000, and award attorney's fees and costs.

Respectfully Submitted,

*/s/ Ingmar Goldson*
Ingmar Goldson, Esq.
The Goldson Law Office
1734 Elton Road, Suite 210
Silver Spring, MD 20903
Phone: 240-780-8829
igoldson@goldsonlawoffice.com
*Attorney for Plaintiff*

**Certificate of Service**

I hereby certify that on this 8th day of June, 2017, a copy of the foregoing Interrogatories was mailed, certified mail, postage prepaid to:

Pendrick Capital Partners II, LLC
1714 Hollinwood Drive
Alexandria VA 22307
    **Serve on:**
    The Corporation Trust Incorporated
    351 West Camden St.
    Baltimore, MD 21201

Ability Recovery Services, LLC
921 Oak St
Scranton PA 18508
    **Serve on:**
    CSC-Lawyers Incorporating Service Co.
    7 St. Paul Street, Suite 820
    Baltimore MD 21202

Experian Information Solutions, Inc.
505 City Parkway West
Orange County, CA 92668
    **Serve on:**
    The Corporation Trust Incorporated
    351 West Camden Street
    Baltimore MD 21201-7912

Equifax, Information Services.
1550 Peachtree Street, NW
Atlanta, GA 30309
    **Serve on:**
    CSC-Lawyers Incorporating Service Compan
    7 St. Paul Street, Suite 820
    Baltimore MD 21202

                                                  Ingmar Goldson, Esq.
                                                *Attorney for Plaintiff*