**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **CRYSTAL LONG,** | |
| Plaintiff, | **Civil Action No.** |
| **V.** | **8:17-cv-01955-GJH** |
| **PENDRICK CAPITAL PARTNERS II, LLC,** | |
| **ABILITY RECOVERY SERVICES, LLC,** | |
| **EXPERIAN INFORMATION SOLUTIONS, INC.,** | |
| **AND** | |
| **EQUIFAX INFORMATION SERVICES, LLC,** | |
| Defendants. | |

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT BY DEFENDANT,
ABILITY RECOVERY SERVICES, LLC**

NOW comes Defendant, Ability Recovery Services, LLC ("ARS") by and through its undersigned counsel, Marshall Dennehey Coleman Warner and Goggin, P.C. and respectfully submits this Answer with Affirmative Defenses to Plaintiff, Crystal Long's ("Plaintiff") First Amended Complaint, averring as follows:

1

## ANSWER TO INTRODUCTION

Admitted in part and denied in part.   ARS admits that Plaintiff brings this matter against it for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), the Maryland Consumer Debt Collection Practices Act ("MCDCA") and the Maryland Consumer Protection Act ("MCPA").   ARS denies that it violated the FDCPA, the MCDCA, the MCPA or any other state or federal law, as alleged by Plaintiff in this paragraph.   To the extent that the allegations in this paragraph are directed to parties other than ARS, ARS denies these allegations.   ARS denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

## ANSWER TO JURISDICTION AND VENUE

1.      Denied.   The allegations in this paragraph call for conclusions of law and are denied as such.   ARS refers all questions of law to the Court.

2.      Denied.   ARS denies that it is located in Maryland and denies that it has a registered agent in Maryland.   To the extent that the allegations in this paragraph are directed to parties other than ARS, ARS denies these allegations. ARS denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

**ANSWER TO PARTIES**

3.     Denied.  ARS is without sufficient knowledge, information or belief regarding whether Plaintiff was a citizen of the State of Maryland and a resident of Prince George's County at all times relevant to the claims in her Complaint and, therefore, ARS denies these allegations and leaves Plaintiff to her burden of proof.

4.     Denied.  The allegations in this paragraph are directed to a party other than ARS and, therefore, ARS denies these allegations and leaves Plaintiff to her burden of proof.

5.     Admitted in part and denied in part.  ARS admits that it is a Pennsylvania Corporation and that, at times, its activities render it a debt collector as defined under 15 U.S.C. § 1692a(6).  Ability admits that it attempted to recover a valid and delinquent debt obligation owed by Plaintiff to co-Defendant, Pendrick Capital Partners II, LLC which was previously owed to EMCare-Randall Emergency Physicians.  Ability further admits that it is registered with tge State of Maryland's Department of Labor, Licensing and Regulation as a collection agency with a license number of 6393.

6.     Admitted.     Ability admits that it has a registered agent in Baltimore, Maryland.

7.     Denied.  The allegations in this paragraph are directed to parties other than ARS and, therefore, ARS denies these allegations and leaves Plaintiff to her burden of proof.

## ANSWER TO INTRODUCTORY STATEMENT

Admitted in part and denied in part.  ARS admits that Plaintiff attempts to provide a brief history of the FDCPA and the FCRA in this paragraph.  ARS denies that it reported any false debts attributable to Plaintiff to the credit bureaus, denies  that it damaged Plaintiff's financial reputation and denies that it attempted to coerce Plaintiff into paying monies that she allegedly did not owe.  ARS denies that it knew that Plaintiff was not responsible for any accounts that it attempted to recover from her and denies that it attempted to extort money from Plaintiff via the credit bureaus.  ARS denies that it engaged in an extortion scheme or any deceptive business practices in relation to Plaintiff and denies that it caused any harm to Plaintiff.  To the extent that the allegations in this paragraph are directed to parties other than ARS, ARS denies these allegations.  ARS is without sufficient knowledge, information or belief regarding the remaining allegations in this paragraph and, therefore, ARS denies these allegations and leaves Plaintiff to her burden of proof.

## ANSWER TO STATEMENT OF FACTS

8.     Denied.  ARS denies that it engaged in any false, fraudulent or damaging credit reporting in relation to Plaintiff.   To the extent that the allegations in this paragraph are directed to parties other than ARS, ARS denies these allegations.  ARS is without sufficient knowledge, information or belief regarding the remaining allegations in this paragraph and, therefore, ARS denies these allegations and leaves Plaintiff to her burden of proof.

9.     Denied.   ARS denies that it engaged in any activities which may have led to any derogatory information being furnished on her credit reports. To the extent that the allegations in this paragraph are directed to parties other than ARS, ARS denies these allegations.   ARS is without sufficient knowledge, information or belief regarding the remaining allegations in this paragraph and, therefore, ARS denies these allegations and leaves Plaintiff to her burden of proof.

10.    Denied.   ARS denies that it reported any "false debts" related to Plaintiff to the credit bureaus.   To the extent that the allegations in this paragraph are directed to parties other than ARS, ARS denies these allegations. ARS is without sufficient knowledge, information or belief regarding the remaining allegations in this paragraph and, therefore, ARS denies these allegations and leaves Plaintiff to her burden of proof.

11.    Admitted in part and denied in part.   ARS admits that on November 12, 2016 it sent Plaintiff an initial collection letter regarding a debt obligation owed by her to Pendrick, which was previously owed to EMCare-Randall Emergency Physicians in an attempt to recover the debt on behalf of Pendrick.   To the extent that the allegations in this matter are directed to a party other than ARS, ARS denies these allegations.   ARS denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

12.    Denied.   ARS is without sufficient knowledge, information or belief regarding the allegations in this paragraph and, therefore, ARS denies these allegations and leaves Plaintiff to her burden of proof.

13.    Admitted in part and denied in part.   ARS admits that it sent Plaintiff a letter dated November 14, 2016 seeking to recover a debt obligation owed to Pendrick, which was previously owed to EMCare-Randall Emergency Physicians in the amount of $1,125.00.   ARS denies that it sent Plaintiff an additional letter seeking payment of $74.00.   The letter referenced in this paragraph is a writing, the content of which speaks for itself, and any characterization of the content of said letter is specifically denied by ARS.   ARS denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

14.    Denied.   ARS denies the allegations in this paragraph and leaves Plaintiff to her burden of proof.

15.    Denied.   ARS denies the allegations in this paragraph and leaves Plaintiff to her burden of proof.

16.    Denied.   ARS denies the allegations in this paragraph and leaves Plaintiff to her burden of proof.

17.    Denied.   ARS is without sufficient knowledge, information or belief regarding the allegations in this paragraph and, therefore, ARS denies these allegations and leaves Plaintiff to her burden of proof.

18.    Admitted in part and denied in part.   ARS admits that on or about December 17, 2017 Plaintiff lodged a dispute to the credit bureaus regarding the debt obligation at issue.   ARS is without sufficient knowledge, information or belief regarding the remaining allegations in this paragraph and, therefore, ARS denies these allegations and leaves Plaintiff to her burden of proof.

19.     Denied.  ARS is without sufficient knowledge, information or belief regarding the allegations in this paragraph and, therefore, ARS denies these allegations and leaves Plaintiff to her burden of proof.

20.     Denied.  ARS is without sufficient knowledge, information or belief regarding the allegations in this paragraph and, therefore, ARS denies these allegations and leaves Plaintiff to her burden of proof.

21.     Denied.  The allegations in this paragraph are directed to parties other than ARS and, therefore, ARS denies these allegations and leaves Plaintiff to her burden of proof.

**ANSWER TO COUNT I – Violation of the Fair Credit Reporting Act**
**Against Ability, Experian and Equifax**
**15 U.S.C. § 1681, et seq.**

22.     No response is necessary as the Plaintiff merely incorporates her foregoing allegations in this paragraph.  To the extent that a response is required, ARS incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 21 as though fully set forth herein.

23.     Denied.  The allegations in this paragraph call for conclusions of law and are denied as such.  ARS refers all questions of law to the Court.  To the extent that the allegations in this paragraph infer that ARS violated the Fair Credit Reporting Act, ARS denies these allegations and leaves Plaintiff to her burden of proof.

24.     Denied.  ARS denies that it furnished any inaccurate information to the credit bureaus regarding the debt obligation at issue.  ARS denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

25.     Denied.  ARS denies the allegations in this paragraph and leaves Plaintiff to her burden of proof.

26.     Denied.  ARS denies that it furnished any erroneous information to the credit bureaus regarding the debt obligation at issue.  ARS is without sufficient knowledge, information or belief regarding the remaining allegations in this paragraph and, therefore, ARS denies these allegations and leaves Plaintiff to her burden of proof.

27.     Denied.  ARS denies that it furnished any erroneous information to the credit bureaus regarding the debt obligation at issue.  ARS is without sufficient knowledge, information or belief regarding the remaining allegations in this paragraph and, therefore, ARS denies these allegations and leaves Plaintiff to her burden of proof.

28.     Denied.  ARS denies that it furnished any erroneous information to the credit bureaus regarding the debt obligation at issue.  ARS is without sufficient knowledge, information or belief regarding the remaining allegations in this paragraph and, therefore, ARS denies these allegations and leaves Plaintiff to her burden of proof.

**Answer to Breach of Furnisher's Duty to Provide Accurate Information**

29.   Admitted in part and denied in part.   ARS admits that Plaintiff quotes a portion of 15 U.S.C. § 1681s-2 in this paragraph.   ARS denies that it violated 15 U.S.C. § 1681s-2, as inferred by Plaintiff in this paragraph.   ARS denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

30.   Denied.   ARS denies that it failed to engage in a reasonable investigation regarding Plaintiff's dispute of the account at issue and denies that it furnished any inaccurate information to the credit bureaus regarding the account.   ARS denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

31.   Denied.   ARS denies that it violated 15 U.S.C. § 1681s-2(a), (b). Responding further:

(a)   Denied.   ARS denies that it willfully or negligently failed to conduct in investigation regarding Plaintiff's alleged dispute and denies that it furnished any inaccurate tradeline information to the credit bureaus regarding Plaintiff's account.   Strict proof of the allegations in this paragraph is demanded of Plaintiff.

(b)   Denied.   ARS denies that it willfully or negligently failed to review any information concerning Plaintiff's identity or her account details.   Strict proof of the allegations in this paragraph is demanded of Plaintiff.

(c)     Denied.  ARS denies that it willfully or negligently failed to report any results of its investigation into Plaintiff's dispute of the account at issue to the credit bureaus.  Strict proof of the allegations in this paragraph is demanded of Plaintiff.

(d)     Denied.  ARS denies that it willfully or negligently failed to report an accurate status of information to the credit bureaus regarding the account at issue and denies that it furnished any inaccurate information to the credit bureaus regarding the account at issue.  Strict proof of the allegations in this paragraph is demanded of Plaintiff.

(e)     Denied.  ARS denies that it willfully or negligently failed to properly participate, investigate or comply with a reinvestigation that was conducted by the credit bureaus regarding the account at issue and denies that it furnished any inaccurate information to the credit bureaus regarding the account at issue.  Strict proof of the allegations in this paragraph is demanded of Plaintiff.

(f)     Denied.  ARS denies that it willfully or negligently furnished any inaccurate information to the credit bureaus regarding the account at issue. ARS denies the remaining allegations in this paragraph and demands strict proof of these allegations from Plaintiff.

(g)     Denied.  ARS denies that it willfully or negligently failed to comply with the requirements of 15 U.S.C. § 1692s-2(a) or (b).  Strict proof of the allegations in this paragraph is demanded of Plaintiff.

32.     Denied.   ARS denies that it failed to report Plaintiff's account as disputed, as alleged in this paragraph.   ARS denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

33.     Denied.   ARS denies that its conduct caused Plaintiff to suffer any injuries, damage or harm.   ARS further denies that it is liable to compensate Plaintiff for any damages, fees costs or other relief pursuant to the FCRA.   ARS denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

**Answer to Failure to Reinvestigate Disputed Information**

34.     Admitted in part and denied in part.   ARS admits that Plaintiff quotes a portion of 15 U.S.C. § 1681i(a)(2)(A) in this paragraph.   ARS denies that it violated 15 U.S.C. § 1681i(a)(2)(A), as inferred by Plaintiff in this paragraph.   ARS denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

35.     Admitted in part and denied in part.   ARS admits that Plaintiff quotes a portion of 15 U.S.C. § 1681i(a)(2)(A) in this paragraph.   ARS denies that it violated 15 U.S.C. § 1681i(a)(2)(A), as inferred by Plaintiff in this paragraph.   ARS denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

36.     Denied.   The allegations in this paragraph are directed to parties other than ARS and, therefore, ARS denies these allegations and leaves Plaintiff to her burden of proof.

11

37.     Denied.  The allegations in this paragraph are directed to parties other than ARS and, therefore, ARS denies these allegations and leaves Plaintiff to her burden of proof.

38.     Denied.  The allegations in this paragraph are directed to parties other than ARS and, therefore, ARS denies these allegations and leaves Plaintiff to her burden of proof.

39.     Denied.  ARS denies that it violated 15 U.S.C. § 1681i and denies that Plaintiff suffered any damages as a result of its conduct.  To the extent that  the allegations in this paragraph are directed to parties other than ARS, ARS denies these allegations.  ARS denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

39.     Denied.  ARS denies that it violated 15 U.S.C. § 1681i, as alleged by Plaintiff in  this paragraph.  To the extent that the allegations in this paragraph  are  directed  to  a  party  other  than  ARS,  ARS  denies  these allegations.  ARS denies the remaining allegations in this paragraph and leaves Plaintiff to his burden of proof.

### Answer to Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy

40.     Denied.  The allegations in this paragraph are directed to parties other than ARS and, therefore, ARS denies these allegations and leaves Plaintiff to her burden of proof.

41.     Denied.  The allegations in this paragraph are directed to parties other than ARS and, therefore, ARS denies these allegations and leaves Plaintiff to her burden of proof.

42.     Denied.  ARS denies that it violated 15 U.S.C. § 1681e(b) and denies that Plaintiff sustained any damages as a result of its conduct.  To the extent that the allegations in this paragraph are directed to parties other than ARS, ARS denies these allegations.  ARS denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

### Answer to Count II – Against All Defendants

### Defamation

43.     No response is necessary as the Plaintiff merely incorporates her foregoing allegations in this paragraph. To the extent that a response is required, ARS incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 42 as though fully set forth herein.

44.     Denied.  ARS denies that it reported an alleged false debt to the credit bureaus and denies that it knowingly made false or defamatory statements about Plaintiff.  To the extent that the allegations in this paragraph are directed to parties other than ARS, ARS denies these allegations.  ARS denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

45.     Denied.   ARS denies that it negligently made any false or defamatory statements about Plaintiff.  To the extent that the allegations in this paragraph are directed to parties other than ARS, ARS denies these

13

allegations.  ARS denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

46.    Denied.  ARS denies that it published any defamatory information regarding Plaintiff.  To the extent that the allegations in this paragraph are directed to parties other than ARS, ARS denies these allegations.  ARS denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

47.    Denied.  ARS denies that it published any false or defamatory information to the credit bureaus.  To the extent that the allegations in this paragraph are directed to parties other than ARS, ARS denies these allegations. ARS denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

48.    Denied.  The allegations in this paragraph are directed to parties other than ARS and, therefore, ARS denies these allegations and leaves Plaintiff to her burden of proof.

49.    Denied.  ARS denies that it acted with knowledge of, or with negligence to any false statements.  To the extent that the allegations in this paragraph are directed to parties other than ARS, ARS denies these allegations. ARS denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

50.    Denied.  ARS denies that it published any false or defamatory statements regarding Plaintiff and denies that it harmed Plaintiff's character or reputation.  ARS further denies that it caused Plaintiff to suffer any damages,

14

including mental anguish or personal humiliation. To the extent that the allegations in this paragraph are directed to parties other than ARS, ARS denies these allegations.   ARS denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

**ANSWER TO COUNT III – Against Defendants Pendrick and Ability Only**

**Fair Debt Collection Practices Act (FDCPA) – 15 U.S.C. § 1692 et seq.**

51.   No response is necessary as the Plaintiff merely incorporates her foregoing allegations in this paragraph. To the extent that a response is required, ARS incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 50 as though fully set forth herein.

52.   Admitted in part and denied in part.   ARS admits that Plaintiff quotes a portion of the FDCPA in this paragraph.   ARS denies that it violated the FDCPA, as inferred by Plaintiff in this paragraph.

53.   Admitted in part and denied in part.   ARS admits that Plaintiff quotes a portion of the FDCPA in this paragraph.   ARS denies that it violated the FDCPA, as inferred by Plaintiff in this paragraph.   The remaining allegations in this paragraph constitute conclusions of law and are denied as such.   ARS refers all questions of law to the Court.

54.   Admitted in part and denied in part.   ARS admits that Plaintiff quotes a portion of 15 U.S.C. § 1692f(1) in this paragraph.   ARS further admits that it attempted to recover a debt obligation from Plaintiff owed to co-Defendant, Pendrick, which was previously owed to EMCare-Randall Emergency Physicians.   ARS denies that it violated 15 U.S.C. § 1692f(1), as

15

inferred in this paragraph. ARS denies that it engaged in any unjustified or unverified collection activity. To the extent that the allegations in this paragraph are directed to a party other than ARS, ARS denies these allegations. ARS denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

55. Admitted in part and denied in part. ARS admits that it attempted to recovery an account from Plaintiff which was owed to co-Defendant, Pendrick and was previously owed to EMCare-Randall Emergency Physicians in the amount of $1,125.00. ARS denies that it attempted to extort any money from Plaintiff. To the extent that the allegations in this paragraph are directed to a party other than ARS, ARS denies these allegations. ARS denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

56. Admitted in part and denied in part. ARS admits that Plaintiff quotes a portion of 15 U.S.C. § 1692c(10) in this paragraph. ARS denies that it violated 15 U.S.C. § 1692c(10), as inferred by Plaintiff in this paragraph. ARS denies that it disseminated any false information regarding Plaintiff and denies that it furnished any fraudulent information to the credit bureaus regarding Plaintiff. To the extent that the allegations in this paragraph are directed to a party other than ARS, ARS denies this allegations. ARS denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

57.    Denied.  ARS denies that its actions caused Plaintiff to suffer any damages, including actual damages, economic damages, credit damage, anxiety, sleeplessness or emotional distress.  To the extent that the allegations in this paragraph are directed to a party other than ARS, ARS denies this allegations.  ARS denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

**ANSWER TO COUNT IV – Against Defendants Pendrick and Ability**

**MARYLAND CONSUMER DEBT COLLECTION ACT (MCDCA) – Md. Code**

**Ann. Com. Law §§ 14-201 et seq.**

58.    No response is necessary as the Plaintiff merely incorporates her foregoing allegations in this paragraph. To the extent that a response is required, ARS incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 57 as though fully set forth herein.

59.    Denied.  The allegations in this paragraph are directed to a party other than ARS and, therefore, ARS denies these allegations and leaves Plaintiff to her burden of proof.

60.    Denied.  The allegations in this paragraph call for conclusions of law and are denied as such.  ARS refers all questions of law to the Court.

61.    Admitted in part and denied in part.  ARS admits that Plaintiff quotes a portion of MCDCA § 14-202(8) in this paragraph.  ARS denies that it violated MCDCA § 14-202(8), as inferred by Plaintiff in this paragraph.  ARS denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

17

62.     Denied.  ARS denies that it breached MCDCA § 14-202(8).  To the extent that the allegations in this paragraph are directed to a party other than ARS, ARS denies these allegations.  Responding further:

(a)     Denied.  ARS denies that it pursued Plaintiff for a debt that was allegedly false.  To the extent that the allegations in this sub-paragraph are directed to a party other that ARS, ARS denies these allegations and leaves Plaintiff to her burden of proof.

(b)     Denied.  ARS denies that it threatened to report a false debt to the credit bureaus if Plaintiff did not pay the debt. To the extent that the allegations in this sub-paragraph are directed to a party other that ARS, ARS denies these allegations and leaves Plaintiff to her burden of proof.

(c)     Denied.  ARS denies that it reported a false debt related to Plaintiff to the credit bureaus.  To the extent that the allegations in this sub-paragraph are directed to a party other that ARS, ARS denies these allegations and leaves Plaintiff to her burden of proof.

(d)     Denied.  ARS denies that it refused to stop reporting an alleged false debt related to Plaintiff.  To the extent that the allegations in this sub-paragraph are directed to a party other that ARS, ARS denies these allegations and leaves Plaintiff to her burden of proof.  ARS denies the remaining allegations in this sub-paragraph.

63.    Denied.  ARS denies that it had knowledge that Plaintiff allegedly never received services from EMCare-Randall Emergency Physicians or that Plaintiff allegedly did not owe the debt obligation at issue.  To the extent that the allegations in this paragraph are directed to a party other than ARS, ARS denies these allegations.  ARS denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

64.    Denied.  ARS denies that it breached the MCDCA and denies that Plaintiff suffered any damages, including financial loss, damages to credit or credit history, mental anguish or frustration as a result of its collection efforts. To the extent that the allegations in this paragraph are directed to a party other than ARS, ARS denies these allegations.  ARS denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

**B.    Answer to Violation of MCDCA, Md. Code Ann., Com. Law § 14-202(3)**

65.    No response is necessary as the Plaintiff merely incorporates her foregoing allegations in this paragraph. To the extent that a response is required, ARS incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 64 as though fully set forth herein.

66.    Admitted in part and denied in part.  ARS admits that Plaintiff quotes a portion of MCDCA § 14-202(3) in this paragraph.  ARS denies that it violated MCDCA § 14-202(3), as inferred by Plaintiff in this paragraph.

67.     Denied.  ARS denies that it reported an alleged false debt related to Plaintiff to the credit bureaus and denies that it breached MCDCA § 14-202(3). To the extent that the allegations in this paragraph are directed to a party other than ARS, ARS denies these allegations.  ARS denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

68.     Denied.  ARS denies that it had knowledge that Plaintiff did not owe a debt to the "former creditor".  To the extent that the allegations in this paragraph are directed to a party other than ARS, ARS denies these allegations.

69.     Denied.  ARS denies that it breached the MCDCA and denies that it caused Plaintiff to suffer any damages, including actual damages, financial loss, damages to credit or credit history, mental anguish or frustration.  To the extent that the allegations in this paragraph are directed to a party other than ARS, ARS denies these allegations.  ARS denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

**Answer to Count V – Against Defendant Pendrick and Ability Only**

**MARYLAND CONSUMER PROTECTION ACT – Md. Code Ann. Com. Law §§ 13-301 et seq.**

70.     No response is necessary as the Plaintiff merely incorporates her foregoing allegations in this paragraph. To the extent that a response is required, ARS incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 69 as though fully set forth herein.

71.    Admitted in part and denied in part.  ARS admit Plaintiff quotes a portion of the  MCDCA in this paragraph.  ARS denies that it violated the MCDCA, as inferred by Plaintiff in this paragraph.  To the extent that the allegations in this paragraph are directed to a party other than ARS, ARS denies these allegations and leaves Plaintiff to her burden of proof.

72.    Denied.   ARS denies that its employees made any false or misleading statements to Plaintiff regarding the account at issue.  ARS denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

73.    Denied.  ARS denies that it breached the MCDCA and denies that it violated the Maryland Consumer Protection Act, Md. Code Ann. Com Law § 13-301(14)(iii).  To the extent that the allegations in this paragraph are directed to a party other than ARS, ARS denies these allegations.  The remaining allegations in this paragraph call for conclusions of law and are denied as such.  ARS refers all questions of law to the Court.

74.    Denied.   ARS denies that it violated the Maryland Consumer Protection Act and denies that Plaintiff suffered any damages, including emotional distress, mental anguish, embarrassment or other damages as a result of its collection activity.  ARS denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

75.    Denied.  The allegations in this paragraph call for conclusions of law and are denied as such.  ARS refers all questions of law to the Court.

**Answer to Count VI – Against All Defendants**

**Declaratory and Injunctive Relief**

76.    No response is necessary as the Plaintiff merely incorporates her foregoing allegations in this paragraph. To the extent that a response is required, ARS incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 75 as though fully set forth herein.

77.    Denied.  ARS denies that Plaintiff is entitled to declaratory relief from the Court in this matter.  To the extent that the allegations in this paragraph are directed to parties other than ARS, ARS denies these allegations. ARS denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

78.    Denied.  ARS denies that Plaintiff is entitled to injunctive relief from the Court in this matter and denies that it furnished any false or damaging information to the credit bureaus regarding the account at issue.  To the extent that the allegations in this paragraph are directed to parties other than ARS, ARS denies these allegations.  ARS denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

**Answer to Conclusion**

79.    Denied.  ARS denies that Plaintiff suffered any damages, including frustration, aggravation, inconvenience or embarrassment as a result of its collection activities.  To the extent that the allegations in this paragraph are directed to parties other than ARS, ARS denies these allegations and leaves Plaintiff to her burden of proof.

22

80.     Denied.  ARS denies that Plaintiff suffered any damages as a result of its collection activities.  To the extent that the allegations in this paragraph are directed to parties other than ARS, ARS denies these allegations.  The remaining allegations in this paragraph call for conclusions of law and are denied as such.  ARS refers all questions of law to the Court.

### Answer to Wherefore Clause

Admitted in part and denied in part.  ARS admits that Plaintiff seeks a judgment against if for alleged damages, costs, attorneys' fees, injunctive relief and other relief.  ARS denies that Plaintiff is entitled to any of the sought relief absent a showing of violative conduct on the part of ARS.  To the extent that the allegations in Plaintiff's wherefore clause are directed to parties other than ARS, ARS denies these allegations and leaves Plaintiff to her burden of proof.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state claims under which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

ARS' conduct with respect to Plaintiff did not violate the FDCPA, the MCDCA or the MCPA.  Therefore, ARS affirmatively states that Plaintiff's claims against lack any degree of viability whereby Plaintiff's claims should be dismissed or withdrawn.

23

### THIRD AFFIRMATIVE DEFENSE

In the event that Plaintiff is able to adequately plead her FDCPA claim against ARS, her entitlement to statutory damages is capped at $1,000 per action, <u>not</u> per violation.  See, <u>Goodmann v. Peoples Bank, et al.</u>, 2006 US App. LEXIS 31555 (3rd Cir. 2006).

### FOURTH AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which ARS denies, was due to the affirmative action's and/or omissions of Plaintiff or others and does not give rise to any liability of ARS.

### FIFTH AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which ARS denies, was due to the affirmative actions and/or omission of Plaintiff or others and does not give rise to any claim of damages against ARS.

**WHEREFORE**, Defendant, Ability Recovery Services, LLC requests that this Honorable Court deems its Answer proper, dismisses Plaintiff's Complaint in its entirety and grants any and all relief as the Court deems just and equitable.

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN, P.C.**

By:　　　/s/ Armand J. Della Porta, Esq.

Dated:  July 20, 2017

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CRYSTAL LONG,** | |
| Plaintiff, | **Civil Action No.** |
| **V.** | **8:17-cv-01955-GJH** |
| **PENDRICK CAPITAL PARTNERS II, LLC,** | |
| **ABILITY RECOVERY SERVICES, LLC,** | |
| **EXPERIAN INFORMATION SOLUTIONS, INC.,** | |
| **AND** | |
| **EQUIFAX INFORMATION SERVICES, LLC,** | |
| Defendants. | |

### CERTIFICATE OF SERVICE

I, Armand Della Porta, Esq. certify that a true and correct copy of Defendant, Ability Recovery Services, LLC's Answer to Plaintiff, Crystal Long's Complaint with Affirmative Defenses was served on counsel for Plaintiff via ECF on July 20, 2017.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, P.C.**

By:     _/s/ Armand J. Della Porta, Esq._

25