## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND (GREENBELT)

| | | |
|---|---|---|
| Crystal Long, | ) | |
| | ) | |
| Plaintiff, | ) | Judge George Jarrod Hazel |
| | ) | |
| v. | ) | Case No.: 8:17-cv-01955-GJH |
| | ) | |
| Pendrick Capital Partners II., et al. | ) | |
| | ) | |
| Defendants. | ) | |

### PENDRICK CAPITAL PARTNER, II'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES, Pendrick Capital Partners, II ("Pendrick") and in response to Plaintiff's First Amended Complaint submits the following Answers and Affirmative Defenses:

### JURISDICTION AND VENUE

1. The Circuit Court of Maryland has subject matter jurisdiction over the MCDCA and MCPA claims pursuant to Md. Code Ann., Ctrs. Mud. Proc. § 1-501. The Circuit Court of Maryland has subject matter jurisdiction over claims brought under the FDCPA pursuant to 15 U.S.C. § 1692k(d) which provides that an action to enforce may be brought in federal court as well as any state court. of competent jurisdiction.

**ANSWER:  Pendrick denies that the Circuit Court of Maryland has subject matter jurisdiction over the above identified claims.**

2. All defendants are either located in Maryland or have registered agents in Maryland.

**ANSWER:  Pendrick admits that Defendants have registered agents in the State of Maryland.  Defendant denies that it is "located" in Maryland and lacks knowledge or information sufficient to admit or deny the remaining allegations.**

PARTIES

3. Plaintiff, Crystal Long, is an individual who is a citizen of the State of Maryland, and resident. of Prince George's County.

**ANSWER:  Pendrick lacks knowledge or information sufficient to admit or deny the allegations.**

4. Pendrick is a Virginia corporation that alleged a debt owed by Ms. Long.  It is a "debt collector" as defined by 15 U.S.C. § 1692a(6) that pursued Plaintiff for collection of a purported debt on behalf originating from services rendered by EMCare-Randall Emergency Phys. Pendrick is registered with the State of Maryland's Department of Labor, Licensing and Regulation ("DLLR") as a Collection Agency, license number 6875.

**ANSWER: Objection, whether Pendrick is as debt collector under the FDCPA is as legal conclusion to which no answer is required.  Pendrick, however, admits that is a Virginia corporation that retained Defendant Ability to pursue a debt owed by a Crystal Long origination from services rendered to a Crystal Long by EMCare-Randall Emergency Phys. Pendrick admits that it is registered with the State of Maryland's DLLR as a Collection Agency, with license number 6875. Pendrick denies the remaining allegations.**

5.  Ability is a Pennsylvania Corporation "debt collector" as defined by 15 U.S.C. § 1692a(6) that pursued Plaintiff for collection of a purported debt on behalf of Pendrick.

Ability is registered with the State of Maryland's Department of Labor, Licensing and Regulation ("DLLR") as a Collection Agency, license number 6393.

**ANSWER:  Objection, whether Ability is as debt collector under the FDCPA is as legal conclusion to which no answer is required.  Pendrick, however, admits the remaining allegations**

6.   Ability's registered agent is in Baltimore, Maryland.

**ANSWER:  Pendrick lacks knowledge or information sufficient to admit or deny the allegations.**

7.   Experian and Equifax are credit reporting agencies (CRA's) that continued to falsely report the alleged debt, and refused to acknowledge or hear Ms. Long's claims against the alleged debt.

**ANSWER:   Pendrick admits that Experian and Equifax are credit reporting agencies but it lacks knowledge or information sufficient to admit or deny the allegations.**

**ANSWER TO PLAINTIFF'S "INTRODUCTORY STATEMENT"**

Congress enacted the FDCPA to provide for a system of fairness and general standards of proscribed conduct in the collection of consumer debts. It also provides specific rights for consumers, and provides for a private cause of action for those harmed by deceptive, abusive, and harassing debt collection actions. Congress enacted the FCRA to regulate credit reporting agencies (like Experian, Equifax, and TransUnion) and to provide remedies for those who have been harmed by negligent and abusive actions by CRA's and those that furnish information to CRA's.

**ANSWER:   Pendrick admits that Congress enacted the FDCPA and FCRA to regulate debt collectors and credit reporting agencies to provide consumers with the rights**

identified in each statute.    **Pendrick denies violating either statute and denies the remaining allegations.**

The Plaintiff, Crystal Long, is a responsible Maryland consumer who pays her bills on time. Further, her employment depends on personal financial responsibility, as Long is responsible for managing large sums of money in the course of her employment. With the exception of false debts furnished to the CRA's by Defendant Ability, Long has a spotless reputation for being a person who pays her debts on time. Long takes pride in her financial reputation, and has worked hard to garner the exceptional financial reputation that she deserves.

**ANSWER:  Pendrick lacks knowledge or information sufficient to admit or deny the allegations.**

In an abusive and deceptive scheme, the Defendants damaged the Plaintiffs financial reputation in an attempt to coerce her to pay monies that she did not owe. The debt collectors, Ability and Pendrick, knew that Long did not owe the money, but used the CRA's to help them attempt to extort money from Long.  As a result of the extortion scheme arid deceptive business practices, Long has been held out of the credit market, and she lives with the anxiety that at any moment her employer could check her credit and read about the libelous false debts that Long allegedly is refusing to pay.

**ANSWER:  Pendrick denies the allegations.**

Experian and Equifax are credit reporting agencies.

**ANSWER:   Pendrick admits that Experian and Equifax are credit reporting agencies.**

**PENDRICK'S ANSWER TO PLAINTIFF'S "STATEMENT OF FACTS"**

8.    Plaintiff, Long, is a Maryland resident. who has been working in the health insurance health care industries for over ten (10) years. Long recently became a senior account manager at her current place of employment; a position where she deals hands-on with millions of dollars in transactions on a regular basis. Because of Long's constant exposure to high-dollar transactions, her employer requires good credit and a solid financial reputation. Credit and trustworthiness are of great importance for the maintenance of her employment, and for potential reporting described in this complaint, Long has stellar credit and a great reputation as a person who pays her debts on time.

**ANSWER:  Pendrick lacks knowledge or information sufficient to admit or deny the allegations.**

9.    As of the filing of this complaint, Long has derogatory reporting on her credit reports that indicate to readers of the credit reports that Long has problems paying her debts, and perhaps should not be trusted around large sums of money.

**ANSWER:  Pendrick lacks knowledge or information sufficient to admit or deny the allegations with the exception of denying that it denies that it reported the subject debt that was reported on her credit report.**

10.    With the exception of the false debts reported by Ability, Plaintiff has spotless credit with no late payments or missed payments reported and no other collection accounts.

**ANSWER:  Pendrick lacks knowledge or information sufficient to admit or deny the allegations with the exception that it denies that it reported the subject debt that was reported on her credit report.**

11.     In November, 2016, Plaintiff began receiving mail from Ability. The mail was in pursuit of a debt that Ability purported to be from EMCare-Randall Emergency Physicians, and subsequently purchased be [sic] debt collector Pendrick Capital Partners II.

**ANSWER:  Pendrick denies that it is a debt collector but admits that it has learned that Ability mailed a collection letter to Plaintiff on or about November 14, 2016, in relation to a debt formerly owed to EMCare-Randall Emergency Physicians of which Pendrick was the current creditor.**

12.     Plaintiff never received care from EMCare-Randall Emergency Physicians, and never had any contact with Pendrick.

**ANSWER:  Pendrick lacks knowledge or information sufficient to admit or deny the allegations.**

13.     Plaintiff was first contacted by Adam Russell from Ability, with two collection letters; one for $1,125.00, and another for $74.00. Mr. Russell alleged that the bills were a communication from a debt collector and payment was due to Ability Recovery Services, LLC for a debt owed to creditor Pendrick.

**ANSWER:  Pendrick admits that Plaintiff was sent collections letters referencing the above debts and that the letters sought payment for a debt owed to Pendrick as provided on the face of the letters.  Pendrick denies the remaining allegations.**

14.     Ms. Long contacted Ability and notified its representative that their records were incorrect and that she did not have any connection to the alleged debt. Ms. Long also stated to the representative that the relevant date of birth in Ability's records was not the same as hers, and that she had never received care or services from EMCare-Randal Emergency Phys.

**ANSWER:  Pendrick admits that it has learned that Ms. Long contacted Ability via telephone and that she generally explained the above allegations to a representative of Ability.  Pendrick, however, lacks knowledge or information sufficient to admit or deny whether or not Plaintiff received care or services from EMCare-Randal Emergency Phys.**

15.     When Long called Ability, Ability's representative recited facts relating to the person who received services from EMCare that Long did not  recognize. The name, and date of birth of the person treated at EMCare did not match Long's. Long made it clear to Ability that the debt was not hers.

**ANSWER:  Pendrick admits that Ms. Long has identified a portion of her lengthy conversation with Ability's representative.   Pendrick, however, lacks knowledge or information sufficient to admit or deny whether another person received services from EMCare and that Long did not.  Pendrick denies the remaining allegations.**

16.     After Ability failed to verify the debt with Long during the phone call, Ability's representative told Long that if she did not have to pay the $74 debt, but threatened to report the $1,125 debt to the CRA's. This is extortion.

**ANSWER:  Pendrick denies these allegations as the allegations do not adequately describe what took place during the conversation at issue because Ability's representative indicated that he would report the debt as disputed and updated the account notes to reflect Plaintiff's dispute.**

17.     In December 2016, Long was alerted that a derogatory trade line appeared on her credit. reports. Upon checking her credit, Long learned that Ability followed through with its threat and reported the false debt.

**ANSWER: Pendrick lacks knowledge or information sufficient to admit or deny whether Long was alerted that a derogatory trade line appeared on her credit in December 2016 and whether she checked her credit. Pendrick, however, denies that Ability threatened to report the debt during the recorded telephone conversation that a representative of Ability had with Plaintiff and accordingly denies that the allegation that "Ability followed through with its threat and reported the false debt."**

18. On December 17, 2016, Ms. Long disputed the false reporting to Equifax via the Equifax website and by sending a letter to its Complaint Department. Ms. Long indicated in her letter that she was disputing the debt because it was not hers and because it was being falsely reported on her credit report. She also requested that Equifax investigate the error delete relevant from her credit report because it was false.

**ANSWER: Admitted and in part. Pendrick admits that Plaintiff's counsel has provided counsel for Pendrick with a copy of a December 17, 2016 letter that Plaintiff allegedly sent to Equifax and that the letter (if sent) is summarized above. Pendrick, however, lacks knowledge or information sufficient to admit or deny the remaining allegations, and in particular, whether Plaintiff sent the letter at issue to Equifax, whether Plaintiff disputed the debt on Equifax's website and whether the debt was falsely reported.**

19. In January, Ms. Long discovered the false reporting was continuing with all three credit reporting agencies TransUnion, Equifax, and Experian. Subsequently, on January 31, 2017, she sent letters to each, disputed the inaccurate information, and requested that the debt be investigated and removed from her credit history.

**ANSWER: Pendrick lacks knowledge or information sufficient to admit or deny the allegations. Pendrick however, admits that Plaintiff's counsel has provided counsel for**

8

**Pendrick with a copy of two letters (one to Experian and one to Equifax) which dispute a debt in the amount of $1,125.   Pendrick, however, lacks knowledge or information sufficient to admit or deny whether the letters were actually sent and received by Experian and Equifax and whether the debt of $1,125 was being reported by TransuUnion, Experian and Equifax.   Further answering, Pendrick lacks knowledge or information sufficient to admit or deny whether any dispute letter was drafted or sent to TransUnion.**

20.    In February, Ms. Long received responses from the three credit reporting agencies. TransUnion stated that it deleted the Ability trade line. Experian's response stated that it will continue to report the Ability trade line. Equifax stated that it will continue to report the Ability trade line, and specifically stated that it "verified that: this item belongs to you."

**ANSWER:  Pendrick lacks knowledge or information sufficient to admit or deny the allegations.**

21.    Defendants Experian and Equifax sell consumer reports that reduce Plaintiff's consumer and financial reputation down to a bite-size report. This report determines how Plaintiff is treated in the employment market, and in the credit market. With false negative reporting, Plaintiff may be wrongly denied employment or promotions, and Plaintiff will qualify for credit subject to higher interest rates.

**ANSWER:  Pendrick denies these conclusory allegations.**

**COUNT I — Violation of the Fair Credit Reporting Act Against Ability, Experian and Equifax**

22.    The preceding allegations of this Complaint are reiterated and incorporated herein by reference as if fully set forth herein.

**ANSWER:   Pendrick's answers to the preceding allegations are reiterated and incorporated herein by reference as if fully set forth herein.  Count I , however, is directed**

9

against Ability, Experian and Equifax.  According, no answer is required to the following paragraphs in this Count.

23.     The FCRA requires that a furnisher such as Ability, after receiving notice form a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

**ANSWER:  Count I is directed against Ability, Experian and Equifax.  Accordingly, no answer is required.**

24.     From November 2016 until February 2017, Ability has provided inaccurate information to Experian, TransUnion, and Equifax. Upon information and belief, Ability reports the false debt to Experian and Equifax as of the filing of this Amended Complaint. Ability reported the inaccurate information for its inclusion on the Plaintiff's credit reports with each of the CRA's.

**ANSWER:  Count I is directed against Ability, Experian and Equifax.  According, no answer is required.**

25.     Plaintiff also notified Ability directly of the errors by phone.

**ANSWER:  Count I is directed against Ability, Experian and Equifax.  Accordingly, no answer is required.**

26.     Plaintiff disputed the erroneous Ability reporting with Equifax four times; three times by letter, and once with an online dispute.

**ANSWER:  Count I is directed against Ability, Experian and Equifax.  Accordingly, no answer is required.**

27.    Plaintiff disputed the erroneous Ability reporting with Experian twice by letter.

**ANSWER:  Count I is directed against Ability, Experian and Equifax. Accordingly, no answer is required.**

28.    Upon an April 26; 2017 check of her credit, Plaintiff learned that, the erroneous Ability reporting remained on her Equifax and Experian credit reports.

**ANSWER:  Count I is directed against Ability, Experian and Equifax.  Accordingly, no answer is required.**

### Breach of Furnisher's [sic] Duty to Provide Accurate Information

29.    15 U.S.C. § 1681s-2 prohibits furnishers from reporting inaccurate information, and sets forth the furnisher's duty to investigate the completeness and accuracy of the information reported when the furnisher receives a dispute from a consumer.

**ANSWER: Count I is directed against Ability, Experian and Equifax.  Accordingly, no answer is required.**

30.    After receiving the dispute notice that, upon information and belief, Transunion, Experian, and Equifax sent to Ability, Ability failed to do a reasonable investigation, and continued to report the inaccurate information.

**ANSWER:  Count I is directed against Ability, Experian and Equifax.  Accordingly, no answer is required.**

31.    Defendant Ability engaged in conduct that violates 15 USC § 1681s-2(a), (b), by:

a.      Willfully and/or negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

b.      Willfully and/or negligently failing to review all relative information concerning Plaintiff's identity and account details.

c.      Willfully and/or negligently failing to review all relative information concerning Plaintiff's identity and account details.

d.      Willfully and/or negligently failing to report an accurate status of the inaccurate information to Experian, TransUnion, and Equifax;

e.      Willfully and/or negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

f.      Willfully and/or negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to Experian, Equifax, Transunion and potentially other credit reporting agencies; and

g.      Willfully and/or negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 USC § 1681S-2(a), (b).

**ANSWER**:  **Count I is directed against Ability, Experian and Equifax.  Accordingly, no answer is required.**

32.     After Plaintiff's numerous disputes directly to the Furnisher, Ability, and to Experian and Equifax, Ability continues to dispute the inaccurate information, and failed to report the account as "disputed" as it is required to by law.

**ANSWER:  Count I is directed against Ability, Experian and Equifax.  Accordingly, no answer is required.**

33.     Defendant Ability's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined above, and as a result, Ability is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as other such relief permitted by the FCRA.

**ANSWER:  Count I is directed against Ability, Experian and Equifax.  Accordingly, no answer is required.**

### Failure to Reinvestigate Disputed Information

34.     The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a CRA is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(2)(A).

**ANSWER:  Count I is directed against Ability, Experian and Equifax.  Accordingly, no answer is required.**

35.     The FCRA further requires the CRA, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the CRA. to "include all relevant information regarding the dispute that the agency received from the consumer." 15 USC § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer

report, the CRA is required to "review and consider all relevant information submitted by the consumer." Id.

36. The Defendants, Experian and Equifax, failed to conduct a reasonable reinvestigation of the inaccuracy that the Plaintiff disputed.

**ANSWER:  Count I is directed against Ability, Experian and Equifax.  According, no answer is required.**

37. The Defendants, Experian and Equifax, failed to review and consider all relevant information submitted by Plaintiff.

**ANSWER: Count I is directed against Ability, Experian and Equifax.  Accordingly, no answer is required.**

38. The Defendants, Experian and Equifax, did not report the Ability trade line as "disputed" even though they had actual knowledge that the Ability trade line was disputed by Plaintiff.

**ANSWER:  Count I is directed against Ability, Experian and Equifax.  Accordingly, no answer is required.**

39. As a direct and proximate result of the above-described violations of § 1681i of the FCRA, Plaintiff has sustained damages.

**ANSWER:  Count I is directed against Ability, Experian and Equifax.  Accordingly, no answer is required.**

**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

40. Despite receiving complaints and disputes from the Plaintiff, the CRA's, Experian and Equifax, have failed to correct the disputed erroneous information. Further, the defendant CRA's did not even report that the erroneous medical account was disputed by the Plaintiff.

14

**ANSWER:  Count I is directed against Ability, Experian and Equifax.  Accordingly, no answer is required.**

41.     The Defendants, Experian and Equifax, failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information, and file, in violation of 15 USC § 1681e(b).

**ANSWER:  Count I is directed against Ability, Experian and Equifax.  Accordingly, no answer is required.**

42.     As a direct and proximate result of the above-described violations of § 1681e(b) of the FCRA, Plaintiff has sustained damages.

**ANSWER:  Count I is directed against Ability, Experian and Equifax.  According, no answer is required.**

**COUNT II - Against All Defendants**
**Defamation**

43.     The allegations contained in all preceding paragraphs are incorporated herein as if re-alleged.

**ANSWER:  Pendrick's answers to the preceding allegations are reiterated and incorporated herein by reference as if fully set forth herein.**

44.     In reporting the false debt, and maintaining it on Plaintiff's credit report, Defendants knowingly made false and defamatory statements about Plaintiff.

**ANSWER:  Pendrick did not report the subject debt and denies these allegations as to Pendrick.   As to defendant Ability, Pendrick admits that records appear to show that Ability reported the $1,250 debt, but denies that Ability made any false or defamatory statements.**

45.     In the alternative, Defendants negligently made the aforementioned false and defamatory statements about Plaintiff.

**ANSWER:  Pendrick did not report the subject debt and denies these allegations as to Pendrick.   As to defendant Ability, Pendrick admits that records appear to show that Ability reported the $1,250 debt, but denies that Ability made any false or defamatory statements.**

46.     Defendant Pendrick published this False and defamatory publication to Ability, who, after Long informed them so, understood this publication to be defamatory.

**ANSWER:  Pendrick denies these compound allegations.**

47.     Defendant Ability published this false and defamatory publication to Equifax, TransUnion, and Experian, who reasonably understood this publication to be defamatory.

**ANSWER: Pendrick admits that records appear to show that Ability reported the $1,250 debt, but denies that Ability made any false or defamatory statements.  Pendrick lacks knowledge or information sufficient to admit or deny the remaining allegations.**

48.     Defendants Equifax and Experian published this false and defamatory publication to Plaintiff's credit history, which is accessibly by banks, potential employers, and other businesses, who would reasonably understand this publication to be defamatory.

**ANSWER:  Pendrick lacks knowledge or information sufficient to admit or deny these compound allegations.**

49.     All Defendants acted with knowledge of, or with negligence to, the falsity of the statements, once Plaintiff informed all Defendants that Plaintiff did not have any connection to the alleged debt and that the alleged debt was false.

**ANSWER:  Pendrick did not report the subject debt, denies that Plaintiff informed it that she did not have any (alleged) connection to the alleged debt or that the debt was false.  Accordingly, Pendrick denies that it acted with knowledge of, or with negligence to, any allegedly false statements.  Pendrick lacks knowledge or information sufficient to admit or deny the remaining allegations.**

50.   As a result of the false and defamatory statements published by each Defendant, the character and reputation of Plaintiff were harmed, her standing and reputation before creditors was impaired, and she suffered mental anguish and personal humiliation, particularly considering her perfect management of her finances and her previously impeccable credit record.

**ANSWER:  Pendrick did not report the subject debt and accordingly denies that it damaged Plaintiff in the manner alleged.  As to the remaining allegations, Pendrick lacks knowledge or information sufficient to admit or deny whether (a) Plaintiff's character and reputation were harmed, (b) whether her standing and reputation before creditors was impaired, and (c) whether she suffered mental anguish and personal humiliation.  Pendrick also lacks knowledge or information sufficient to admit or deny whether Plaintiff has or had perfect management of her finances and her previously impeccable credit record.**

### COUNT III - Against Defendants Pendrick and Ability Only
### Fair Debt Collection Practices Act (FDCPA) - 15 U.S.C. § 1692 et. al.

51.   The allegations contained in all preceding paragraphs are incorporated herein as if re-alleged.

**ANSWER:  Pendrick incorporates its answers to the preceding paragraphs are incorporated herein as if re-alleged.**

52.     The FDCPA was passed in 1978 to promote ethical business practices by debt collectors, and to protect consumers who have been harmed by abusive or deceptive debt collectors.

**ANSWER:  Pendrick admits that the FDCPA was passed in 1978 but denies that it violated the FDCPA.**

53.     The FDCPA is a strict liability statute that provides for actual or statutory damages upon the showing on one violation. Sec 1.5 U.S.C. § 1692k(a); Bradshaw v. Hilco Receivables, LLC, 765 F. Supp.2d 719, 725 (D. Md. 2011).

**ANSWER:  Objection, this allegation is in the form of a legal conclusion.  To the extent an answer is required, Pendrick denies that Plaintiff has accurately summarized the FDCPA and denies that it violated the FDCPA.**

54.     15 U.S.C. 1692f(1) prohibits debt. collectors from collecting "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." In the instant case, as fully outlined *supra,* Defendants Pendrick and Ability engaged in a collection effort that was unjustified and unverified, and without any grounds in a contract or services rendered.  Defendants Pendrick and Ability are attempting to collect amounts of $1,125 and $74 that Ms. Long does not owe. Ms. Long never received any care or services from EMCare, the alleged former creditor.

**ANSWER:  Objection, this allegation is in the form of a legal conclusion.  To the extent an answer is required, Pendrick denies that Plaintiff has accurately summarized the FDCPA and denies that it violated the FDCPA.  Further, answering, Pendrick did not violate the FDCPA, did not directly seek to collect the amounts in questions and did report**

18

the subject debt(s).  Pendrick lacks knowledge or information sufficient to admit or deny the remaining allegations with the exception of admitting that Ability attempted to collect the debt on behalf of Pendrick.

55.     In further and more egregious violation of 15 U.S.C. 1692(1), Pendrick and Ability threatened to furnish negative and fraudulent debts to the three CRA's as a means to attempt to extort over a thousand dollars from Long. Long did not pay, and soon after the threat, Long received credit alerts that the fraudulent debt had been reported.

**ANSWER:  Objection, this allegation is in the form of a legal conclusion.  To the extent an answer is required, Pendrick denies that it violated the FDCPA and denies that it reported the subject debt(s).**

56.     15 U.S.C. 1692e(10) prohibits debt collectors from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." In the instant case, as fully outlined *supra,* Defendants Pendrick and Ability not only disseminated false financial information about the Plaintiff, but also refused to stop furnishing the fraudulent information after Long disputed the debt.

**ANSWER:   Objection, this allegation is in the form of a legal conclusion.  To the extent an answer is required, Pendrick denies that it violated the FDCPA and denies that it disseminated false financial information about the Plaintiff," and denies that it "furnish[ed] the fraudulent information after Long disputed the debt."**

57.  As a direct result of Defendants Pendrick's and Ability's acts, practices, and conduct, Plaintiff suffered actual damages, economic damages, and damages regarding credit damage, anxiety, sleeplessness, and emotional distress from the prospect of job-loss and having hard-earned money taken away from her to satisfy a fraudulent debt.

**ANSWER: Pendrick denies that it violated the FDCPA and denies that its conduct caused Plaintiff to suffer the damages she has alleged.**

**COUNT IV-Against Defendants Pendrick and Ability**

**MARYLAND CONSUMER DEBT COLLECTION ACT (MCDCA)-Md. Code Ann., Com. Law §§ 14-201 et. Seq.**

**A.     Violations of MCDCA, Md. Code Ann., Com. Law § 14-202(8)**

58.     The allegations contained in all preceding paragraphs are incorporated herein as if re-alleged.

**ANSWER:   Pendrick's answers to the preceding paragraphs are incorporated herein as if reasserted.**

59.     Defendant Pendrick is a "collector" as defined by Md. Com. Law Code Ann. § 14201(b).

**ANSWER:     Objection, this allegation calls for a legal conclusion.  Accordingly, no answer is required.**

60.     Defendant Ability is a "collector" as defined by Md. Com. Law Code Ann. § 14-201(b).

**ANSWER:     Objection, this allegation calls for a legal conclusion.  Accordingly, no answer is required.**

61.     Pursuant to MCDCA § 14-208(2), collectors (Defendants) may not "Claim, attempt, or threaten to enforce a right with knowledge that the right does not exist."

**ANSWER: Pendrick denies that MCDCA § 14-202(8) applies to it and denies that it violated MCDCA § 14-202(8).**

62.     Both Defendants breached MCDCA § 14-202(8) when they:

a. Pursued Plaintiff for a debt that was false.

b. Threatened to report the false debt to the CRA's if the Plaintiff did not pay

(extortion),

c. Reported the false debt to CRA's, and

d. Refused to stop reporting the false debt, even after numerous disputes directly

and through the CRA's.

**ANSWER:     Objection, this allegation calls for a legal conclusion. Subject to and without waiving this objection, Pendrick denies that MCDCA § 14-202(8) applies to it and denies that it violated MCDCA § 14-202(8).**

63.     Defendant debt collectors had knowledge that Plaintiff never received services from the EM/Care, and that Plaintiff did not owe the alleged debt. However, the Defendant debt collectors persisted in their collection efforts.

**ANSWER: Pendrick denies that MCDCA § 14-202(8) applies to it and denies that it violated MCDCA § 14-202(8).  Pendrick, however, admits that after this suit was filed it was informed by the Complaint that Plaintiff contends that she does not owe the debt. Pendrick denies that it persisted in any  collection efforts after learning of Plaintiff's claim.**

64.     As a result of Defendant's breaches of MCDCA, Plaintiff suffered actual damages that include financial loss, damage to credit and credit history, mental anguish, and frustration.

**ANSWER: Objection, this allegation calls for a legal conclusion. Subject to and without waiving this objection, Pendrick denies that MCDCA § 14-202(8) applies to it, denies that it violated MCDCA § 14-202(8) and denies the remaining allegations.**

65.     The allegations contained in all preceding paragraphs are incorporated herein as if re-alleged.

**ANSWER: Pendrick's answers to the preceding paragraphs are incorporated herein as if reasserted.**

66.      MCDCA § 14-202(3) states that collectors (Defendants) may not "Disclose or threaten to disclose information which affects the debtor's reputation for credit worthiness with knowledge that the information is false."

**ANSWER:      Objection, this allegation calls for a legal conclusion. Subject to and without waiving this objection, Pendrick denies that MCDCA § 14-202(3) applies to it, denies that it violated § 14-202(3).**

67.      When Defendants reported the disputed debt to the credit reporting agencies, knowing it was a false debt., Defendants breached MCDCA § 14-202(3).

**ANSWER:      Objection, this allegation calls for a legal conclusion. Subject to and without waiving this objection, Pendrick denies that MCDCA § 14-202(3) applies to it Pendrick denies that it reported the debt and denies it violated MCDCA § 14-202(3) and denies the remaining allegations.**

68.      Defendants had knowledge that Plaintiff did not owe a debt to the former creditor.

**ANSWER:      Pendrick denies the allegations.**

69.      As a result of Defendants' breaches of MCDCA, Plaintiff suffered actual damages that. include financial loss, damage to credit and credit. history, mental anguish, and frustration.

**ANSWER:      Pendrick denies the allegations.**

**COUNT V-Against Defendant Pendrick and Ability Only**

**MARYLAND CONSUMER PROTECTION ACT -  Md. Code Ann., Com. Law §§ 13-301 et. Seq.**

70.     The allegations contained in all preceding paragraphs are incorporated herein as if re-alleged.

**ANSWER: Pendrick's answers to the preceding paragraphs are incorporated herein as if reasserted.**

71.     The MCDCA [sic] provides a remedy for consumers who are harmed by unfair or deceptive trade practices. Included in the MCDCA's [sic] definition of unfair or deceptive trade practices is any "false, falsely disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers."

**ANSWER: Objection, this allegation calls for a legal conclusion.**

72.     The Ability employee who told Plaintiff that Ability was not going to report the purported debt made a false and/or misleading statement to Plaintiff considering the reporting and collection actions following those statements.

**ANSWER: Pendrick admits that Ability's representative told Plaintiff that Ability was not going to report the purported debt and denies that Ability or the representative made a false and/or misleading statement to Plaintiff.**

73.     The aforementioned breaches of the MCDCA in Count IV are also violations of the Maryland Consumer Protection Act, Md. Code Ann., Com. Law § 13-301(14)(iii), which maintains that violations of the Maryland Consumer Debt Collection Act are Unfair or Deceptive Trade Practices, and are therefore violations of the Maryland Consumer Protection Act.

**ANSWER: Objection, this allegation calls for a legal conclusion. Subject to and without waiving this objection, Pendrick denies that § 13-301(14)(iii)) applies to it Pendrick denies that it reported the debt and denies it violated § 13-301(14)(iii) and denies the remaining allegations.**

74.     As a proximate result of the Ability's intentional violations of the Maryland Consumer Protection Act, Plaintiff suffered damages, including emotional distress, mental anguish, embarrassment, and many other damages.

**ANSWER: Pendrick denies violating any law and denies that Plaintiff is entitled to any damages.**

75.     The Maryland Consumer Protection Act allows attorney's fees to be recovered in actions where the consumer prevails.

**ANSWER: Pendrick denies violating any law and denies that Plaintiff is entitled to attorney's fees.**

**COUNT VI – Against All Defendants**

76.     The allegations contained in all preceding paragraphs are incorporated herein as if re-alleged.

**ANSWER: Pendrick's answers to the preceding paragraphs are incorporated herein as if reasserted.**

77.     Plaintiff is entitled to declaratory relief from this Court, establishing that. she does not owe the purported debts to Pendrick or Ability.

**ANSWER:** Pendrick denies the allegations.

78.     Plaintiff is entitled to injunctive relief from this court, restraining all Defendants from continuing to report the false and damaging purported debts at issue in this Complaint.

**ANSWER:** Pendrick denies the allegations.

## CONCLUSION

79.     As a direct and proximate result of the foregoing, Plaintiff has suffered damages including but not specifically limited to, frustration, aggravation, inconvenience, and embarrassment.

**ANSWER: Pendrick denies violating any law and accordingly denies the allegations.**

80.     Plaintiff states that her damages, as set forth herein, exceed the minimum jurisdiction of the court, and the Circuit Court for Baltimore County has both jurisdiction and venue for resolution of this dispute.

**ANSWER: Pendrick denies violating any law, accordingly denies the allegations and denies that the Circuit Court for Baltimore County has jurisdiction venue for resolution of the alleged dispute.**

WHEREFORE, Defendant Pendrick Capital Partners, II denies that Plaintiff is entitled to any of the relief that she seeks in relation to all Counts in this First Amended Complaint and requests that this Honorable Court enter judgment in its favor and the Plaintiff.

## AFFIRMATIVE DEFENSES

NOW COMES, Pendrick Capital Partners, II ("Pendrick") and in response to Plaintiff's First Amended Complaint submits the following Affirmative Defenses:

1.     Pursuant to 15 U.S.C. § 1692k(c), to the extent a violation(s) is established, any such violation(s) was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

2.     As to Plaintiff's state law claims under the MCDCA and The MCPA, to the extent a violation(s) is established, any such violation(s) was not intentional and resulted from a

*bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

3.     If Plaintiff suffered any damages or injury, they were not proximately caused by any act or omission of Pendrick, but instead, if incurred, were proximately caused by the acts or omissions of others or by Plaintiff.

Respectfully Submitted,

*/s/ Patrick D. McKevitt*
Patrick D. McKevitt (Bar No. 30078)
WHITEFORD, TAYLOR & PRESTON LLP
Seven Saint Paul Street
Baltimore, MD  21202-1636
Tel: (410) 347-9447
Fax: (410) 223-3498

*Attorney for Pendrick Capital Partners, II*

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2017, a true and correct copy of the above Answer and Affirmative Defenses was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ *Patrick D. McKevitt*

2258464