# MARSHALL DENNEHEY
## WARNER COLEMAN & GOGGIN

ATTORNEYS-AT-LAW    WWW.MARSHALLDENNEHEY.COM

A PROFESSIONAL CORPORATION

PENNSYLVANIA
Allentown
Doylestown
Erie
Harrisburg
King of Prussia
Philadelphia
Pittsburgh
Scranton

NEW JERSEY
Cherry Hill
Roseland

DELAWARE
Wilmington

OHIO
Cincinnati
Cleveland

FLORIDA
Ft. Lauderdale
Jacksonville
Orlando
Tampa

NEW YORK
Long Island
New York City
Westchester

2000 Market Street, Suite 2300 · Philadelphia, PA 19103
(215) 575-2600 · Fax (215) 575-0856

Direct Dial: 215-575-2595
Email: RMMetcho@mdwcg.com

January 17, 2018

**VIA ECF**
Honorable George Jarrod Hazel
United States District Court
District of Maryland
6500 Cherrywood Lane
Suite 445A
Greenbelt, MD 20770

      **Re:**    **Crystal Long v. Ability Recovery Services, LLC, et al.**
             **United States District Court District of Maryland**
             **Docket No.:   8:17-cv-01955-GJH**
             **Our File No.:  41259.00105**

Dear Judge Hazel:

      We are counsel for Defendant, Ability Recovery Services, LLC ("ARS") in regard to the above-referenced matter. This letter is being submitted in response to a request from Ashley Migliore to outline the issues that are involved in an alleged discovery dispute that is being advanced by counsel for Plaintiff, Ingmar Goldson, Esq. regarding ARS' responses to Plaintiff's discovery requests. Although it is ARS' positions that the original and supplemental written discovery responses that it provided to counsel for Plaintiff were sufficient, we are submitting this letter to outline our continued efforts to provide counsel for Plaintiff with the information and documentation that he seeks in this matter regarding Plaintiff's claims pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

      On December 14, 2017 counsel for ARS provided counsel for Plaintiff with answers and objections to Plaintiff's Interrogatories, responses and objections to Plaintiff's Request for Production of Documents and Other Tangible Things and documents that were responsive to Plaintiff's Request for Production. Thereafter, counsel for ARS provided

Honorable George Jarrod Hazel
Long, Crystal v. Ability Recovery Services, LLC, et al.
January 17, 2018
Page 2

---

counsel for Plaintiff with additional documentation that came into their possession which was responsive to Plaintiff's Request for Production.

Although ARS' responses to Plaintiff's discovery requests were sufficient, on December 15, 2017 counsel for Plaintiff sent counsel for ARS a letter outlining various areas in ARS' discovery responses which counsel for Plaintiff believed were deficient. In response, on January 16, 2018 counsel for ARS provided counsel for Plaintiff with supplemental discovery responses and additional documentation in an effort to cure the alleged deficiencies that counsel for Plaintiff had with ARS' initial discovery responses.

Still not content with ARS' discovery responses, on January 16, 2018 counsel for Plaintiff sent counsel for ARS an email outlining additional areas in Plaintiff's discovery requests in which he was seeking information and documentation. Counsel for ARS promptly responded to counsel for Plaintiff's email, informing counsel for Plaintiff that counsel was continuing to work with ARS to obtain additional information, that ARS was standing by various objections in its responses and that ARS would not be removing redactions that were placed in a contract between ARS and co-Defendant, Pendrick Capital Partners II, LLC.

Regardless of counsel for ARS' continued efforts to work with counsel for Plaintiff to finalize written discovery in this matter, counsel for Plaintiff continues to waste time and resources on seeking information and documentation from ARS that is either irrelevant, objectionable or not available to ARS. Other than updating its answers to Interrogatories 8, 18 and 21, ARS has sufficiently responded to Plaintiff's Interrogatories and Request for Production of Documents and Other Tangible Things. As such, it is ARS' position that it has provided complete and sufficient responses to Plaintiff's discovery requests whereby Plaintiff should be precluded at this time from seeking any additional written discovery from ARS.

Respectfully submitted,

Ronald M. Metcho

Enclosure

cc: Ingmar B. Goldson, Esq. (via ECF)