The Goldson Law Office
1734 Elton Rd. Suite 210 | Silver Spring, MD 20903
Tel 240-780-8829 | Fax 877-397-0707
Ingmar Goldson – igoldson@goldsonlawoffice.com
www.goldsonlawoffice.com



_____

January 17, 2018

Filed via ECF

     Re:  Long. V. Pendrick Capital Partners II, LLC, et al.
**<u>Correspondence Outlining Discovery Issues</u>**

Dear Judge Hazel:

     This is a case about two debt collectors who are attempting to collect debt from the Plaintiff that the Plaintiff does not owe, and this damaged the Plaintiff's credit. The Plaintiff propounded interrogatories and requests for the production of documents (RFP) on September 12, 2017. Four months later, Ability fails to produce sufficient responses to those requests.[1] Further, four months after Plaintiff propounded the discovery requests, the Defendant is yet to produce <u>any</u> verified responses – all responses were submitted with only Ability's attorney's signature. Ability has also failed to properly identify witnesses.

     Ability's reasoning for the discovery deficiencies seem to be A) It has not received that information yet, B) That information or document is confidential, or C) Other/Miscellaneous. Plaintiff will address these issues below:

### A) <u>It has not received that information yet.</u>

     Ability has had four months to respond to the interrogatories, and it continues to deny that they have been able to gather responsive information. Interrogatory #8 requests the date, recipient, and content of credit data reported about the plaintiff. Interrogatory #18 requests descriptions of customer dispute verification (CDV) data that Ability received, sent, or possessed relating to the Plaintiff. #21 requests contents of each reporting about the Plaintiff to any credit reporting agency. Ability responded to each request with this response:

*ARS is in the process of obtaining additional information regarding this Interrogatory and will provide the information upon receipt, as discovery in this matter is ongoing.*

     Ability is responding by saying that it is in the process of obtaining information that it must already have.

---

[1] The Plaintiff sent a discovery dispute letter to Ability on December 15, 2017, and followed up with phone calls and emails regarding the discovery deficiencies. Ability sent Plaintiff supplemental answers on January 16, 2018, and those supplemental answers failed to cure virtually all of the deficiencies outlined in the Plaintiff's December 15 discovery dispute letter.

**B) That information or document is confidential**

In response to Interrogatories #7, #11, #13, #19, and #22, and Request for Request for Production of Documents #12, #13 and #19, Ability either gave an incomplete answer followed by an objection about confidentiality, or Ability only gave objections that included a confidentiality objection. An example of the confidentiality objection:

Objection. ARS objects to this interrogatory on the grounds that it is vague and overbroad and on the grounds that it seeks information from ARS which is, or may be, confidential or proprietary in nature, the disclosure of which may place ARS at a competitive disadvantage in its industry.

Ability continues to object that the responsive information is confidential even though there is a protective order in force in this case. Plaintiff explained that the protective order moots their confidentiality objection, and briefed the issue in the December 15, 2017 discovery dispute letter.[2] Among the information that the Plaintiff is seeking, and that Ability contends is confidential, is Ability's procedures and methods of verifying disputed consumer data – which is relevant and central to the Plaintiff's allegations. Ability has also failed to disclose the results of any such investigation.

**C) Miscellaneous / Other**

There are other miscellaneous discovery disputes including:

1. Ability completely skipped Interrogatory #12, where Plaintiff requested a description of reinvestigation processes when a dispute is received from a Credit Reporting Agency. Plaintiff notified Ability that it skipped that interrogatory in the December 15, 2017 dispute letter.

2. In RFP #10, Plaintiff requested information from skip tracers, and Ability responded by stating that they responded with copies of ACDVs – that answer was irrelevant and not responsive.

3. In RFP #14, Plaintiff asked for all documents relating to policies and procedures to investigate the accuracy and validity of the information that you receive from skip tracers. In response to RFP #14, Ability responded that "ARS objects to this request on the grounds that it is irrelevant, over broad, unduly vague and not calculated to lead to the discovery of admissible evidence." Plaintiff believes this information is relevant as it speaks to the extent of liability for willful violations of the FCRA, and damages for punitive damages pursuant to the FCRA.

Sincerely,
/s/ Ingmar Goldson
Ingmar Goldson
Attorney for Plaintiff Crystal Long

---

[2] A copy of the letter is available to be emailed to Chambers upon request.