IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| Crystal Long | * | |
| | * | |
| Plaintiff, | * | Case No.: 8:17-cv-01955-GJH |
| | * | |
| v. | * | |
| | * | |
| Pendrick Capital Partners II, LLC, et al. | * | |
| | * | |
| Defendants. | * | |
| | * | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT ABILITY RECOVERY SERVICES, LLC'S MOTION TO EXTEND CASE MANAGEMENT DEADLINES**

Plaintiff Crystal Long ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 16 hereby opposes Defendant Ability Recovery Services, LLC's ("Ability") Motion to Extend Case Management Deadlines, and states:

## I. INTRODUCTION

Ability seeks to add two months to the discovery calendar based on nothing more than admission that it failed to follow up on information it has had for nine months. Not only does Ability's Motion fall far short of the "good cause" standard in Fed. R. Civ. P. 16 and this Court's Order, its professed last-minute desire to depose Plaintiff's employer is a bald attempt to delay the case and intimidate Plaintiff. Such tactics are an affront to this Court, and Ability's requested extension should be denied.

## II. BACKGROUND

### A. Case Filing and Demand Letter

Plaintiff filed this case on May 19, 2017 in the Circuit Court for Prince George's County.

1

The defendants removed the case to this Court on July 13, 2017, at which time Plaintiff filed an Amended Complaint. Dkt. 1, 2, 6. Ability and Pendrick Capital Partners II, LLC ("Pendrick") (collectively, "Defendants") answered the Amended Complaint and attended a scheduling conference with the Court on August 25, 2017. The Court issued the Scheduling Order for this case the same day setting January 8, 2018 as the discovery deadline. Dkt. 23.

Plaintiff responded to Ability's discovery requests on November 29, 2017, and Ability has not advised Plaintiff of any deficiencies in the responses.

Plaintiff issued interrogatory requests and requests for production of documents to Ability on September 12, 2017. Ability's responses, first provided on December 14, 2017, revealed numerous glaring defects. Counsel for Plaintiff discussed the flaws with Ability's counsel at length, both by phone and in writing. Without resolution of Ability's insufficient responses, however, Plaintiff was forced to seek an extension of the discovery deadline to February 22, 2018. The Court held a conference call with the parties on January 25, 2018, during which it instructed Ability, in detail, to supplement its discovery responses. Ability produced only partial information. At no time in any of the calls and correspondence between counsel, or in the conference with the Court, did Defendants suggest any interest in deposing or subpoenaing Plaintiff's employer.

Upon receipt of that information, however, Plaintiff sought dates for the deposition Ability's corporate representative as well as an employee witness. When Ability failed to provide any dates, Plaintiff noticed the deposition for February 12, 2018. Six days later, and four days before the scheduled depositions, Ability canceled the deposition without providing additional dates. Notwithstanding Ability's stonewalling, Plaintiff ultimately rescheduled the deposition for February 22, 2018, the very last day of the discovery period.

On February 8, 2018, Defendants sent Plaintiff an Offer of Judgment, with a deadline of February 22, 2018. Only *after* Plaintiff made clear that she did not intend to accept the Offer did Ability request an extension of discovery and indicate a desire to depose Plaintiff's employer.

Indeed, Ability did not even notice Plaintiff's deposition until after Plaintiff expressed no intention on accepting the Offer of Judgment. On the day of Ability's deposition of the Plaintiff, Ability arrived more than two hours late. In a meeting prior to the start of the deposition, counsel for Defendants asked counsel for Plaintiff's whether Plaintiff "really wants us to notify her employer." During the deposition, Defendants repeatedly asked Plaintiff whether she had discussed the instant lawsuit with her employer.

Ability moved to extend the case management dates on February 19, 2018, without consent of Plaintiff.

### III. ARGUMENT

#### A. Defendants Offered No Good Cause for an Extension

Rule 16(b)(4) provides that "[a] schedule may be modified *only for good cause* and with the judge's consent." Likewise, the Scheduling Order itself states, in bold type, "**the schedule will not be changed except for good cause**." Dkt. 23. "Properly construed, '**good cause**' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Hawke v. Discovery Communs., LLC*, Civil Action No. PX 17-542, 2017 U.S. Dist. LEXIS 107496, at *10 (D. Md. July 12, 2017) (quoting *Dilmar Oil Company, Inc. v. Federated Mutual Insurance Company*, 986 F.Supp. 959, 980 (D.S.C. 1997)). Defendants here have not even attempted such a showing, stating in their Motion only that, based on the Complaint, it believes that Plaintiff's employer may have relevant information.

Ability bases its need to extend discovery on information they have had for *nine months*. If Defendants have such a pressing need to obtain discovery based on the May 2017 Complaint, or even on Plaintiff's November 2017 written discovery responses, it is curious that they failed to take any steps to obtain it until now. Indeed, Defendants did not even *mention* an interest in the discovery they now seek during the January 2018 conference with the Court, or in any communications with Plaintiff leading up to it.

The Fourth Circuit and this Court has made clear that such inexcusable neglect of the discovery process does not amount to good cause from an extension. *See, e.g., Ingle v. Yelton*, 264 F. App'x 336, 339 (4th Cir. 2008) ("[A] district court acts wholly within its discretion in denying additional discovery where the delay in discovery is due to the fault of the complaining party."); *Hawke*, 2017 U.S. Dist. LEXIS 107496, at *12 (no discovery extension "to do the work he should have done several months ago."); *Sook Yoon v. Sebelius*, Civil Action No. CBD-08-3173, 2010 U.S. Dist. LEXIS 68707, at *3 (D. Md. July 9, 2010) (denying discovery deadline extension as lacking good cause where party "had many months to make both her initial and follow-up discovery requests").

**B. Ability's Request Is a Bad Faith Delay and Harassment Tactic**

Ability has shown no good cause for an extension; to the contrary, it has given every indication that the extension would be yet another obstructionist tactic. Even worse, it seems to be using the threat of professional consequences to bully Plaintiff into to accepting the Offer of Judgment. Pendrick's counsel made Defendants' purpose clear in discussing the Offer of Judgment, asking whether Plaintiff "wanted [them] to notify her employer." The Amended Complaint demonstrates the sensitivity of Plaintiff's employment situation; it is unclear what purpose Ability's proposed eleventh-hour discovery would have other than to potentially put

4

Plaintiff's job at risk, and, as a result, pressure her to terminate the suit.

The discovery process does not countenance such harassing aims.  *See* Fed. R. Civ. P. 26(g)(1)(B)(ii) (discovery requests impermissible where "interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation").  During the extended discovery period and before this Court last month, Ability expressed no interest in obtaining discovery from Plaintiff's employer.  If it required additional information from Plaintiff's employer, it has had the contact information since November 29, 2017, and has made no effort at contact. Indeed, throughout this case, Ability has dragged its feet, providing inadequate discovery responses, failing to provide deposition dates, and noticing Plaintiff's deposition only after it became evident that she was not going to accept Ability's Offer of Judgment. After such repeated delays, the inference from Ability's failure to seek information from Plaintiff's employer when it had the opportunity to do so is clear and should not entitle it to *more* discovery.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Ability's Motion to Extend Case Management Deadlines be denied.

Dated:                                                    Respectfully submitted,
    February 23, 2018

                                    */s/ Courtney L. Weiner*
                                   Courtney L. Weiner (#19463)
                                   Law Office of Courtney Weiner PLLC
                                   1629 K Street NW, Suite 300
                                   Washington, DC 20006
                                   PH: 202-827-9980
                                   cw@courtneyweinerlaw.com

*/s/ Ingmar Goldson*
Ingmar Goldson
The Goldson Law Office
1734 Elton Rd. Suite 210
Silver Spring, MD 20903
PH: 240-780-8829
igoldson@goldsonlawoffice.com

*Attorneys for Plaintiffs*

**<u>Certificate of Service</u>**

I hereby certify that on 23rd day of February, 2018, a copy of the foregoing Opposition to Ability's Motion to Extend Discovery was filed electronically via CM/ECF causing it to be served to all counsel of record in this matter.

<u>/s/ Ingmar Goldson</u>
Ingmar Goldson, Esq.
*Attorney for Plaintiff*
