IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| Crystal Long | * | |
| | * | |
| Plaintiff, | * | Case No.: 8:17-cv-01955-GJH |
| | * | |
| v. | * | |
| | * | |
| Pendrick Capital Partners II, LLC, et al. | * | |
| | * | |
| Defendants. | * | |
| | * | |

## DECLARATION OF INGMAR GOLDSON, ESQ.

I, Ingmar Goldson, Esq., pursuant to Fed. R. Civ. P. 56(c)(4) hereby declare:

1. I am a member in good standing of the bar of the State of Maryland. I am the principal at The Goldson Law Office, LLC, and am counsel for Plaintiff Crystal Long in this matter.

2. I submit this declaration in support of Plaintiff's Motion for Summary Judgment, based on my personal knowledge of the facts and events of this case.

3. On January 25, 2018. I participated in a telephonic conference with the Court and counsel for Ability Recovery Services, LLC ("Ability") and Pendrick Capital Partners II, LLC ("Pendrick"). During that conference, counsel for Ability stated that he would stipulate that Ability was a "debt collector."

4. Attached hereto as Exhibit A is a true and correct copy of the transcript of the deposition of Plaintiff Crystal Long, held on February 19, 2018.

5. Attached hereto as Exhibit B are true and correct copies of credit dispute letters sent by Plaintiff Crystal Long ("Plaintiff") to the three major

consumer reporting agencies on January 31, 2017 and produced by Plaintiff at pp. 24-26 of her document production.

6. Attached hereto as Exhibit C is a true and correct copy of an affidavit executed by Plaintiff on March 27, 2018.

7. Attached hereto as Exhibit D is a true and correct copy of Pendrick's Consolidated Responses to Plaintiff's Interrogatories, Requests for Production, and Requests for Admission.

8. Attached hereto as Exhibit E is a true and correct copy of the transcript of the deposition of Ability's Rule 30(b)(6) corporate designee Kim Nanfeldt, held on February 22, 2018.

9. Attached hereto as Exhibit F is a true and correct copy of the transcript of the deposition of Ability employee Mark Carlson, held on February 22, 2018.

10. Attached hereto as Exhibit G is a true and correct copy of a patient summary sheet from Northwest Hospital produced by Pendrick with Bates numbers PCP II 008-09.

11. Attached hereto as Exhibit H is a true and correct copy of the audio recording of Plaintiff's November 22, 2016 telephone call with Ability employee Mark Carlson.

12. Attached hereto as Exhibit I is a true and correct copy of a Debtor History Report showing activity by Ability on the account attributed to Plaintiff, produced by Pendrick with Bates number PCP II 005.

13. Attached hereto as Exhibit J are true and correct copies of collection

letters sent by Ability to Plaintiff, dated November 14, 2016 and produced by Plaintiff at pp. 1-4 of her document production.

14. Attached hereto as Exhibit K is a true and correct copy of an alert received by Plaintiff on December 17, 2016, from Trusted ID regarding changes in her credit, produced by Plaintiff at p. 5 of her document production.

15. Attached hereto as Exhibit L is a true and correct copy of Plaintiff's December 17, 2016 dispute letter, submitted through Equifax Information Services, LLC's ("Equifax") online dispute portal, produced at pp. 6-7 of Plaintiff's document production.

16. Attached hereto as Exhibit M is a true and correct copy of Equifax's Responses to Plaintiff's Interrogatories in this action.

17. Attached hereto as Exhibit N is a true and correct copy of Experian Information Solutions, Inc.'s ("Experian") Responses to Plaintiff's Interrogatories in this action.

18. Attached hereto as Exhibit O are true and correct copies of Automated Consumer Dispute Verification forms sent in connection with Plaintiff's credit disputes, produced by Equifax with Bates numbers EIS-LONG 000023-24, 000038-39, and 000055-56, by Experian with Bates numbers EXPLONG 0000010-12, and Ability with Bates numbers LONG 0001-8.

19. Attached hereto as Exhibit P are true and correct copies of the relevant portions of reinvestigation reports from Experian and TransUnion, from February 2017, produced by Plaintiff at pp. 266-276, of her document production.

20. Attached hereto as Exhibit Q are true and correct copies of Plaintiff's

credit dispute letters sent to Experian and Equifax on May 5, 2017 and produced by Equifax with Bates number EIS-LONG-000051, and produced by Experian with Bates number EXPLONG_0000005.

21. Attached hereto as Exhibit R are true and correct copies of the relevant portion of the reinvestigation reports from Experian from May 2017, produced by Experian with Bates number EXPLONG_0000112-117.

22. Attached hereto as Exhibit S are true and correct copies of Ability's Responses to Plaintiff's Interrogatories and Requests for Production of Documents.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 27th day of March, in Silver Spring, Maryland.

Respectfully submitted,

Ingmar Goldson, Esq.
The Goldson Law Office
1734 Elton Road, Suite 210
Silver Spring, MD 20903
Ph: 240-780-8829
Co-counsel for Plaintiff