# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| Crystal Long | * | |
| Plaintiff, | * | Case No.: 8:17-cv-01955-GJH |
| v. | * | |
| Ability Recovery Services, LLC, et al. | * | |
| Defendants. | * | |

**DECLARATION OF KIM NANFELDT, AS AUTHORIZED REPRESENTATIVE OF ABILITY RECOVERY SERVICES, LLC**

STATE OF PENNSYLVANIA

COUNTY OF LUZERNE

On this date, Kim Nanfeldt, an authorized representative of Ability Recovery Services, LLC ("Ability") appeared before me, who being by me sworn according to the law states on oath.

1. My name is Kim Nanfeldt. I am over the age of 18 and competent to make this declaration. I also understand that the following statements are being made under oath.

2. I am employed as a collection manager at Ability.

3. In my employment at Ability Recovery Services, LLC I am familiar with Ability's business practices in the collection of debt obligations, Ability's policies and procedures and Ability's business records.

4. In November of 2016 Ability was engaged by Pendrick Capital Partners II, LLC to recover two accounts attributable to Crystal Long, accounts ending in 2446 and 2448.

5. Attached as Exhibit 1 are Ability's account notes regarding the Pendrick account ending in 2448. These notes were created contemporaneously with Ability's servicing of the account and were created, kept and maintained in Ability's normal course of business. The account notes show that the only contact that Ability had with Ability was on November 22, 2016 and that, after the conversation, Ability reflected in its records that the account was disputed. The account notes also reflect Ability's sending of an initial collection letter on the account on November 14, 2016.

6. Ability sent Crystal Long initial collection letters dated November 14, 2016 regarding the Pendrick debts ending in 2446 and 2448 which contained the disclosures required under 15 U.S.C. § 1692g(a).

7. At no time during Ability's attempts to recover the Pendrick debts account numbers ending in 2446 and 2448 did Ability receive any written disputes or requests for validation from any individuals.

8. Ability's representative, Mark Carlson, had a conversation with Plaintiff, Crystal Long on November 22, 2016. After the conversation Ability ceased all collection activity on the Pendrick account ending in 2446, updated its internal records to reflect that Plaintiff disputed the Pendrick account ending in 2448 and did not send any additional letters or place any telephone calls to Long regarding the Pendrick account ending in 2448.

9. After not receiving a written dispute from Plaintiff, Crystal Long within 30 days of the sending of the initial collection letter on the Pendrick account ending in 2448,

Ability furnished tradeline information to the credit bureaus regarding the debt under a disputed status.

10. After obtaining the Pendrick accounts, Ability engaged in skip tracing efforts to obtain the most recent telephone number and address for Plaintiff.

11. The only communication that Ability had with Plaintiff, Crystal Long was when Ms. Long placed a call to Ability on November 22, 2016 disputing the Pendrick debts.

12. At all times when Ability furnished tradeline information to the credit bureaus regarding the Pendrick account ending in 2448, it reported to the credit bureaus that the debt was disputed.

13. Upon receiving notices from the credit bureaus that the Pendrick account ending in 2448 was disputed by Plaintiff, Crystal Long, Ability verified that it was furnishing information provided by Pendrick and continued to report the debt as disputed.

_____
Signature

_____
Name            Authorized Representative of
                Ability Recovery Services, LLC

Kim Nanfeldt