**EXHIBIT 8**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CRYSTAL LONG,** | **Civil Action No.** |
| Plaintiff, | |
| **V.** | **8:17-cv-01955-GJH** |
| **PENDRICK CAPITAL PARTNERS II, LLC,** | |
| **ABILITY RECOVERY SERVICES, LLC,** | |
| **EXPERIAN INFORMATION SOLUTIONS, INC.,** | |
| **AND** | |
| **EQUIFAX INFORMATION SERVICES, LLC,** | |
| Defendants. | |

### Plaintiff's Response to Ability Recovery Services, LLC's First Set of Interrogatories

1. Provide the specific date a detailed description of each dispute that you made directly to ARS regarding the debt obligations at issue.

**ANSWER:**

I called ARS to dispute the debt when I received two collection letters from ARS in November of 2016. I believe I placed the call to ARS on November 22, 2016.

1

2.  Provide the specific date and a detailed description of each dispute that you made to Experian Information Solutions, Inc. and Equifax Information Services, LLC regarding the debt obligations at issue.

**ANSWER:**

On December 17, 2016 I filed an online Dispute with Equifax (Dispute Confirmation: #6352021172). On January 31st, I sent a dispute in the mail to Experian and Equifax. On May 6, 2017 I sent a dispute in the mail to Experian and Equifax. Copies of the disputes will be provided with my response to the Request for Production of Documents.

3.  Provide the name and address of your "current employer" described in paragraph 8 of your Complaint.  Include in your answer the date in which you began employment with this employer, each position that you have held with this employer, including the qualifications for each position and your position at the time of the filing of your Complaint.

**ANSWER:**

**Plaintiff objects to the form of this Interrogatory, which purports to be a single interrogatory, but actually consists of at least three (3) sub-parts, each of which constitutes a separate interrogatory. *See* Fed. R. Civ. P. 33(a)(1). Plaintiff further objects on the basis that these interrogatories seek information which is irrelevant, and it is not reasonably calculated to lead to the discovery of admissible evidence.**

**Plaintiff further objects on the basis that these interrogatories are overbroad based on the undefined "qualifications." Subject to these objections:**

I am currently employed at Trusted Health Plans, Inc, 1100 New Jersey Ave SE, Suite 840, Washington, DC 20003. I began employment here on September 12, 2016 as a Senior Account Manager. I have held the Senior Account Manager position, Acting Controller and Director of Health Plan Accounting position.

4. Describe in detail the procedures that your employer described in paragraph 8 of your Complaint undertook to ensure that you had "good credit" and a "solid financial reputation."

**ANSWER:**

**Plaintiff objects on the basis that these interrogatories seek information which is irrelevant, and it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects on the basis that these interrogatories are overbroad. Plaintiff did not state in the Complaint that she had knowledge of all of her employer's procedures, only the requirements for her job. Subject to these objections:**

During the hiring process in September 2016 I gave my employer permission to do a background check as a condition of employment. This background included credit check. As a term of employment, my employer has the right to review my credit at any time.

3

5. Did you provide your employer described in paragraph 8 of your Complaint with consent to obtain your credit report?  If so, please provide the specific date(s) and method in which you provided your employer with said consent.

**ANSWER:**

I provided the employer with my consent during the application and recruitment process in September of 2016.


6. Did you provide your employer described in paragraph 8 of your Complaint with your credit reports at any time?  If so, please provide the specific dates(s) in which you provided your employer with your credit reports and the reasoning behind your providing of the credit reports.

**ANSWER:**

I provided my employer with consent so that they can pull my credit reports. I did not give them the reports myself.

7. Provide the name and address of each place of business that you applied for employment from November 2016 through May of 2017.

**ANSWER:**

**Plaintiff objects on the basis that this interrogatory seeks irrelevant information, is overbroad, and is intended only to harass and intimidate Plaintiff, as Plaintiff's applications to prospective employers has no relevance to ARS's defenses to Plaintiff's claims in the Amended Complaint. This interrogatory is not limited in any way to seek information specifically relevant or related to this case or claims**

**asserted in this case and are not reasonably calculated to lead to discovery of admissible evidence.**

8.  Provide a detailed description of each instance in which you were denied credit or not offered favorable financing terms as a result of ARS' furnishing of tradeline information to the credit bureaus regarding the debt obligations at issue in the matter.

**ANSWER:**

**Plaintiff objects on the basis that this interrogatory seeks irrelevant information, and is overbroad. Subject to the objections:**

I am just now getting discovery from the credit reporting agencies that indicate who requested my credit. After I saw the damaging credit reporting, in an attempt to keep my credit from being damaged any further, I avoided opening new credit lines, and did not apply for new credit. It is my understanding that Ability continues to report the damaging trade line, and therefore I am continuing to avoid applying for credit.

9.  Describe in detail the alleged inaccurate information that ARS allegedly furnished to the credit bureaus regarding the debt obligations at issue.

**ANSWER:**

ARS reported to the credit agencies that I owe and have not paid EMCARE-RANDALL EMERGENCY PHYS in the amount of $1,125. See credit reports in response to the RFP.

10.  Provide the name, age and address of your spouse and children as of May 1, 2016.

**ANSWER:**

I am unmarried and have no children.

5

11. Describe in detail your assertion that ARS failed to do a reasonable investigation into your alleged dispute regarding the debt obligations at issue, as alleged in paragraph 30 of your Complaint.

**ANSWER:**

**Plaintiff objects on the basis that this interrogatory seeks irrelevant information, and is overbroad. Further, this interrogatory calls for a legal conclusion. Subject to the objections:**

Upon calling ARS, per their debt collection letter, I explained that the debt did not belong to me. They told me via our phone conversation, even after they could not confirm the date of birth, social security number, family dependents, etc... that they would still report the false debt to my credit accounts with credit reporting agencies. They told me that I had to take it up to the credit agencies. They submitted false information to the credit agency even though I gave them all the information they needed to conclude that they debt was not mine.

12. Provide the factual basis for your assertion that ARS failed to reinvestigate disputed information regarding the debt obligations at issue.

**ANSWER:**

**Plaintiff objects on the basis that this interrogatory is overbroad. Subject to the objections:**

ARS sent a letter, I responded to the letter within 30 days per the letter stating that the debt in question wasn't mine, I had never been to that facility, never had any services, the date of birth the stated was wrong, last digits of social security number were not mine and the fact that they said I had dependents when I don't have any was further proof they had the wrong person. They said they were still going to report it to the credit

agencies. I asked how can they report it when all they have is a similar name, they said they can and that they would and the only recourse I had was to dispute it with the credit agencies. Then ARS reported the false debt to the credit reporting agencies, and verified the debt as correct with the credit reporting agencies numerous times. The fact that the debt was reported and repeatedly verified means a reasonable reinvestigation must not have been completed.

13.     Provide the name, address and telephone number of each individual and/or entity that ARS allegedly published false and/or defamatory statements to regarding the debt obligations at issue.

**ANSWER:**

At this time, I only know of the reporting this information to Equifax, Experian and Transunion. However, I believe ARS may have reported the false debt to other agencies.

14.     Describe in detail ARS' collection efforts which were allegedly unjustified and unverified, as alleged in paragraph 54 of your Complaint.

**ANSWER:**

**Plaintiff objects on the basis that this interrogatory is overbroad. Subject to the objections:**

After taking my call and not being able to validate my Date of Birth, Social Security number and stating that I had dependents when I have none which indicates that ARS clearly had the wrong person, yet ARS told me that they would furnish this information to the credit reporting agencies anyway. Knowing that they had the wrong person is what made this unjustified, and unverified. The ARS agent who I spoke to on the phone told me they would still report this to the agencies and that I would have to take it up with

them. This felt very much like extortion, as my financial reputation had been taken out of my hands and I was being defamed, and the conclusion that I drew from my conversation with the ARS agent was the only way to make them stop was to either pay them, or hope that the credit reporting agencies would help me.

15.     Provide the specific date and time and a detailed description of each instance in which ARS allegedly threatened to furnish negative or fraudulent debts to the credit bureaus, as alleged in paragraph 55 of your Complaint.

**ANSWER:**

When I spoke to the ARS agent, and he told me that ARS was going to report the debt, and told me that there was nothing I could do to stop it but take it up with the credit reporting agencies.

16.     Provide the specific date of each instance in which you allegedly received credit alerts from the credit bureaus regarding ARS' furnishing of tradeline information to the credit bureaus regarding the debts at issue.

**ANSWER:**

I received a Credit Alert from TrustedID, my credit monitoring, on December 17, 2016 which indicated that ARS has furnished this false tradeline information to all 3 Credit reporting Agencies.

17.     Provide the name of each of your places of employment from January 1, 2010 through the present, including your duties at each place of employment, your supervisor(s) at each place of employment, your salary at each place of employment,

8

your length of employment at each place of employment and reason for termination

at each place of employment, if applicable.

**ANSWER:**

**Plaintiff objects on the basis that this interrogatory seeks irrelevant information,**

**is overbroad, and is intended only to harass and intimidate Plaintiff, as Plaintiff's**

**employers before the credit dispute have no relevance to ARS's defenses to**

**Plaintiff's claims in the Amended Complaint. This interrogatory is not limited in**

**any way to seek information specifically relevant or related to this case or claims**

**asserted in this case and are not reasonably calculated to lead to discovery of**

**admissible evidence. Subject to the objections:**

Place of Employment: American Postal Workers Union, AFL-CIO, Health Plan, Glen Burnie, MD
Years of Employment: 1/1/10 thru 8/30/2016
Position: Senior Accountant
Supervisor: Tim Erwin, Sharon Wasserman (Finance Manager's)
Salary: $57K-$85K, plus Annual Bonus
Duties: Supervised, motivated, directed and guided employees in the maintenance of accounting books and records including general ledger entries, contract and leases, payroll and accounts payable transactions. Prepared Internal and External Reporting including Financial Statements and Quarterly & Annual Financial Reporting to the Federal Office of Personnel Management (OPM). Coordinated the financial process to ensure accurate and timely internal financial statements and OPM financial reporting as well as monitoring the Letter of Credit, Incurred But Not Reported (IBNR) and balancing the claims system with the general ledger. Conducted budgeting and expense projections, including variance analysis and cost savings recommendations. Produced various other reports and financial data often including special requests for financial information and/or governmental policies or contracts. Made operational and financial recommendations to improve efficiency and cost effectiveness. Prepared variance reports, financial projections, financial statements and supporting schedules. Managed the Health Plan's cash flow position including Letter of Credit drawdown. Completed special projects and reports as requested by senior management. Met given objectives pertaining to cycle time, QA and productivity. Coordinate Audits with external Audit firm ensuring audit go smoothly. Prepare and collect data and prepare report to Actuaries.

9

Place of Employment: Trusted Health Plans, Inc., Washington, DC
Years of Employment: 9/12/16 to 7/2017
Position: Senior Accountant Manager
Supervisor: Scott Thompson (Controller)
Salary: 95K

Place of Employment: Trusted Health Plans, Inc., Washington, DC
Years of Employment: 7/17 to 9/2017
Position: Acting Controller/Senior Account Manager
Supervisor: Cleveland Slade (Chief Financial Officer)
Salary: 100K

Place of Employment: Trusted Health Plans, Inc., Washington, DC
Years of Employment: 9/17 to Present
Position: Director of Health Plan Accounting
Supervisor: Cleveland Slade (Chief Financial Officer)
Salary: 115K plus Bonus
Duties:  Manages the day-to-day operation of the Finance department, which includes supervising, directing and guiding staff in the maintenance of accounting records including general ledger entries, payroll, and accounts payable transactions. Prepares Internal Reporting including Ad hoc reporting, budgeting forecast and other reports as assigned for both the Corporate organization and its Subsidiaries. Coordinates the financial close process to ensure accurate and timely recording of transactions which includes reviewing of journal entries posting in the general ledger and account                                                                                               reconciliations.
Conducts budgeting and expense projection process including variance analysis and cost savings recommendations. Makes operational and financial recommendations to improve efficiency                       and                       cost                       effectiveness.
Prepares variance reports, financial projections and supporting schedules to assist HR in selecting the most cost effective benefit package for employees during contract renewal. Completes special projects and reports as requested by C-Suite Management. Works closely with the CFO to assist in creating company policies and procedures to ensure proper controls are being created and followed in the finance department. Coordinate Audits with external Audit firm ensuring audit are completed timely and efficiently.
Maintains a positive working relationship with the organization's vendors for both the Corporate organization and its Subsidiaries. Maintains a positive working relationship with the organization's Banking entities to ensure that the organization is making good use       of       its       banking       resources       to       meet       the       organization       needs.
Monitors policies to ensure that proper controls are being followed. Assists with creating and implementing the organizational structure during the Corporate acquisition process of                                            new                                            Subsidiaries.
Reconciles the organization claims expense to their Lag Schedules that are sent to the organization Actuaries.

18.    Describe in detail the damages that you allegedly suffered as a result of ARS'

attempts to collect the debts at issue.

**ANSWER:**

**Plaintiff objects on the basis that this interrogatory is overbroad. Subject to the**

**objections:**

Since the shocking and stressful revelation that ARS actually reported this false,

damaging, defaming information to Transunion, Equifax, and Experian, I have

experienced emotional distress, anxiety, sleepless nights, and embarrassment. I cannot

quantify the effect of being held out of the various credit markets for the past year to a

number at this time, however, the stress and anxiety that I experienced is because of

those financial issues and financial losses. I experienced stress and anxiety while I was

attempting to remove the false information from my credit reports. Managing my personal

and professional reputation with the fictitious financial information in addition to putting

off professional, financial and career advancements until this has been resolved has also

been a great source of anxiety, stress, sleepless nights, and worry.

19.    Describe in detail the alleged unfair or deceptive trade practices that ARS

allegedly engaged in when attempting to recover the debts at issue, as alleged in

paragraph 71 of your Complaint.

**ANSWER:**

**Plaintiff objects on the basis that this interrogatory is overbroad and calls for a**

**legal conclusion. Subject to the objections:**

They reported fraudulent information to the credit agencies after they knew the debt in

question did not belong to me.

11

20.    Describe in detail the alleged frustration, emotional distress, embarrassment and aggravation that you allegedly suffered as a result of ARS attempting to recover the debt obligations at issue.

**ANSWER:**

**Plaintiff objects on the basis that this interrogatory is overbroad. Subject to the objections:**

This has been a very emotionally taxing, aggravating and stressful process as I have followed all the appropriate steps to clear up this issue on 3 separate occasion before now filing this lawsuit.  My first attempt was via the phone call with Ability where they were unable to confirm my identity through date of birth, social security number, and dependency since I have no dependents, and I explained this to them and they still reported this false information to the credit reporting agencies.  My second attempt to clear up this matter was after the information was incorrectly reported to the credit agencies and I completed an online dispute via equifax website.  And thirdly by sending letters to all 3 credit reporting agencies and the two listed in the suit who still continue to report false information on my credit.  And then having to take time out of my life and already hectic and demanding work schedule to find a lawyer, to file this suit, interact with legal representation, take calls, take time off work to take meeting with legal counsel, reply to emails and continue to have to defend fraudulently information when I have followed the appropriate steps with no satisfaction. This entire experience has caused me a great deal of anxiety.  This has added a great deal of stress to my life while trying to

12

protect my reputation by limiting my ability to do business, look for other career opportunities knowing in order to effectively do so I would have to expose the fictions false debt information to them which could damage my reputation even further, or in the least my competitive ability with this having this false debt over my head.

21.    Provide the caption, docket number and name of the Court for each lawsuit that you have been involved in since January 1, 2010 as either a party or a witness. Also provide the outcome or the current status of each lawsuit.

**ANSWER:**

**Plaintiff objects on the basis that this interrogatory seeks irrelevant information. Subject to the objections:**

12/13/17 Court Date - Case Number: 23V0MB2 - District Court of Maryland for Anne Arundel County - I have been summoned to be a witness in a lawsuit for State of Maryland Vs. Tyrell Halloway for a motor vehicle accident I was apart of on March 4, 2016 where Tyrell Halloway was driving his vehicle and spun into ongoing traffic totaling my car, damaging a Three wheeler and State of Maryland Property.

22.    Provide the name and address of each debt collector other than ARS that has contacted you since January 1, 2010.  Include the specific date and time and method in which each debt collector contacted you since that date.

**ANSWER:**

**Plaintiff objects on the basis that this interrogatory seeks irrelevant information. Subject to the objections:**

Plaintiff has no information responsive to this interrogatory.

23.     Provide the name and address of each medical insurance provider that you have had since January 1, 2015.  Please include in your response the dates of coverage for each applicable policy.

**ANSWER:**

**Plaintiff objects on the basis that this interrogatory seeks irrelevant information, and is not reasonably calculated to lead to discovery of admissible evidence.**

24.     Describe in detail the alleged unfair or deceptive trade practices that ARS allegedly engaged in when attempting to recover the debts at issue, as alleged in paragraph 71 of your Complaint.

**ANSWER:**

**Plaintiff objects on the basis that this interrogatory is overbroad and calls for a legal conclusion. Subject to the objections:**

Plaintiff incorporates responses to interrogatories #11, 12, 13, 14, 15, and 16.

**Plaintiff reserves the right to amend the responses to each request, and amend objections to each request**

I, Crystal Long, do solemnly declare and affirm under the penalties of perjury that the contents of the foregoing responses to interrogatories are true and correct to the best of my knowledge, information and belief.

Crystal Long

14

Respectfully submitted,

/s/ Ingmar Goldson
Ingmar Goldson, Esquire
The Goldson Law Office, LLC
1734 Elton Road, Suite 210
Silver Spring, MD 20903

## Certificate of Service

I hereby certify that on this 29th day of November, 2017, a copy of the foregoing via electronic mail, postage prepaid to:

> Ability Recovery Services, LLC
> **c/o Ronald Metcho, Esq.**
> Marshall Dennehey Coleman Warner and Goggin, P.C.
> 1007 N. Orange Street, Suite 600
> P.O. Box 8888
> Wilmington, DE  19899

/s/ Ingmar Goldson
Ingmar Goldson, Esq.
*Attorney for Plaintiff*
