# EXHIBIT B

**DOCUMENT REDACTED**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Crystal Long,  )
              )
    Plaintiff, )
              )
v.            )   Case No. 8:17-cv-01955-GJH
              )
Pendrick Capital Partners II, LLC et al., )
              )
    Defendants. )

**Plaintiff's Response to Pendrick Capital Partners II's Discovery Requests**

## REQUESTS FOR ADMISSION

1. Admit that prior to filing this Lawsuit, you never corresponded with PCP II in writing.

Objection as to form, and the RFA is overbroad and vague. Subject to the objection:

I did communicate with a credit reporting agency in writing before filing suit, and PCPII should have received that correspondence because the furnisher is PCPTT's agent. Subject to the objection: Admitted

2. Admit that prior to filing this Lawsuit, PCP II never corresponded with you in writing.

**Admitted**

3. Admit that prior to filing this Lawsuit, you never corresponded with PCP II orally.

Objection as to form, and the RFA is vague. Subject to the objection: I did communicate with PCPII's agent, ARS, before filing. Subject to the objection: Admitted

4. Admit that prior to filing this Lawsuit, PCP II never corresponded with you orally.

Objection as to form, and the RFA is vague. Subject to the objection: PCPII's agent, ARS, did communicate with me orally before filing. Subject to the objection: Admitted

5. Admit that you have always paid all of your bills on time.

Objection, this RFA is overbroad and seeks irrelevant information. Subject to the objection and overbroad and vague "always" term in this RFA: Denied

6. Admit that you have had a debt reported to the credit reporting bureaus as delinquent, or in default, by a credit furnisher.

Admitted

7. Admit that you never received care from EmCare-Randall Emergency Physicians.

Admitted

8. Admit that no tradeline appearing on your credit reports was furnished by PCP II.

Objection, Plaintiff does not have the knowledge sufficient to admit or deny.

9. Admit that no tradeline appearing on your credit reports was reported by PCP II.

Objection, Plaintiff does not have the knowledge sufficient to admit or deny.

10. Admit that you never disputed the EmCare-Randall Emergency Physicians debt directly to PCP II.

Objection, Plaintiff does not have the knowledge sufficient to admit or deny.

11. Admit that your credit was not affected by the EmCare-Randall Emergency Physicians tradeline.

Denied

12. Admit that the EmCare-Randall Emergency Physicians tradeline did not affect your ability to obtain credit.

Denied

13. Admit that you have not been examined or treated by a physician as a result of the events which form the basis of this Litigation.

Admitted

14. Admit that you have not been examined or treated by a mental health professional as a result of the events which form the basis of this Litigation.

Admitted

15. Admit that no physician has causally related any condition from which you suffer to the events which form the basis of this Litigation.

Objection, Plaintiff does not have knowledge sufficient to admit or deny.

16. Admit that no mental health professional has causally related any condition from which you suffer to the events which form the basis of this Litigation.

Objection, Plaintiff does not have knowledge sufficient to admit or deny.

17. Admit that you have not sustained any actual damages as a result of the events described in your Lawsuit.

Denied

18. Admit that PCP II has not caused you any actual damages.

Denied

19. Admit that you have not suffered any financial loss as a result of the events described in your Lawsuit.

Denied

20. Admit that your employment at the position referenced in the complaint was not affected by the EmCare-Randall Emergency Physicians tradeline.

Objection, Plaintiff does not have sufficient knowledge to admit or deny.

21. Admit that the tradeline at issue was removed from your credit report prior to the complaint being filed.

Denied

3

\*\*Plaintiff reserves the right to amend the responses to each request, and amend objections to each request\*\*

## INTERROGATORIES

1. Identify each and every person who provided any information in connection with answers to these Requests for Admission, Interrogatories and Requests for Production of Documents served contemporaneously with these Interrogatories.

Plaintiff objects to this interrogatory to the extent that it requests information subject to attorney-client privilege. Subject to the objection, nobody.

2. State your full name (including any aliases, nicknames, maiden names, or other names); current address and every residential address for the past 5 years; last four digits of your social security number; date of birth; and your current or most recent employer.

Plaintiff objects to the form of this Interrogatory, which purports to be a single interrogatory, but actually consists of at least seven sub-parts, each of which constitutes a separate interrogatory. *See* Fed. R. Civ. P. 33(a)(1). Plaintiff further objects on the basis that these interrogatories seek information which is irrelevant, and it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections:

Crystal Michelle Long
12706 Fairwood Pkwy
Bowie, MD 20720
9930
3/13/1980
Trusted Health Plans, Inc

3. Describe each communication that you had with PCP II, including the date, time, and substance of each communication and your physical location at the time of each communication.

Communications were with ARS, PCPII's debt collection agent. See the answer to Interrogatory #4.

4

4. Describe each communication that you had with ARS, including the date, time, and substance of each communication and your physical location at the time of each communication.

Plaintiff objects to this interrogatory to the extent that it is overbroad and vague, and seeks information that is not relevant. Subject to the objection:

I called ARS after I received the collection letter in November. Upon calling ARS, per their debt collection letter, I explained that the debt did not belong to me. They told me via our phone conversation, even after they could not confirm the date of birth, social security number, family dependents, etc… that they would still report the false debt to my credit accounts with credit reporting agencies. They told me that I had to take it up to the credit agencies. Aside from this telephone communication, the rest of the communication was through the disputes to the credit reporting agencies. See the answer to Interrogatory #5.

5. Describe each communication that you had with Experian, Equifax, and TransUnion, including the date, time, and substance of each communication and your physical location at the time of each communication.

On December 17, 2016 I filed an online Dispute with Equifax (Dispute Confirmation: #6352021172). On January 31st, I sent a dispute in the mail to Transunion, Experian and Equifax. On May 6, 2017 I sent a dispute in the mail to Experian and Equifax. Copies of the disputes will be provided with my response to the Request for Production of Documents.

6. Describe what you mean in your Complaint when you state that "[your] employment depends on personal financial responsibility…."

My employer, and other employers in my field, routinely conduct background checks on their employees. As a term of my employment, I had to give my employer permission to check my credit. My understanding is that good credit, and the absence of derogatory trade lines like the false trade line ARS continues to report, is required for jobs in my field.

7. Identify every person who has knowledge regarding the claims contained in the Complaint and provide a brief description of the substance of his/her knowledge.

Plaintiff objects to this interrogatory to the extent that it requests information subject to attorney-client privilege, is overbroad, vague, and seeks irrelevant information. Subject to the objection:

The answer to this interrogatory will be the agents that Experian, Equifax, ARS, and PCPII identity in their response to my interrogatories.

8. Identify each and every witness to any communication that you had with PCP II, giving the date and time of each communication.

Plaintiff objects to this interrogatory to the extent that it is vague. Subject to the objection:

My communications were indirectly with PCPII, and with ARS, PCPII's debt collection agent.

9. Identify each and every witness to any communication that you had with ARS, giving the date and time of each communication.

As far as I know, the only witnesses are ones that can be identified by ARS.

10. Identify any documents, taped recordings of conversations or recordings of messages that reflect communications or attempted communications between you and PCP II.

Please refer to Plaintiff's response to the RFP. The only taped conversation is an edited conversation provided by ARS, of which ARS has a copy. Other than that, the only responsive documents are the collection letters sent to me by ARS, credit reports and documents provided by defendants in discovery.

11. Identify any documents, taped recordings of conversations or recordings of messages that reflect communications or attempted communications between you and ARS.

Please refer to Plaintiff's response to the RFP. The only taped conversation is an edited conversation provided by ARS, of which ARS has a copy. Other than that, the only responsive documents are the collection letters sent to me by ARS, credit reports and documents provided by defendants in discovery.

12. Identify any documents, taped recordings of conversations or recordings of messages that reflect communications or attempted communications between you and Equifax, TransUnion or Experian.

Plaintiff will respond to the RFP with copies of the dispute letters sent to Equifax, TransUnion and Experian.

13. Describe your educational background and history, including whether or not you graduated from high school, attended any vocational-technical or trade schools, attended any college or university, including graduate education, and whether you graduated from any college or university and if so your degree and major.

6

Plaintiff objects on the basis that this interrogatory seeks irrelevant information, is overbroad, and is intended only to harass and intimidate Plaintiff, as Plaintiff's educational background has no relevance to hair claims for illegal debt collection and credit reporting violations. Subject to the objections:

I graduated from Jenks High School in Jenks, Ok in 1998. I attended Bowie State University studying Business with a concentration in Accounting and graduated with my Bachelors of Science in 2003. I began working as an Auditors for a CPA firm in Bethesda called Bond Beebe Advisors and Accountants, Bethesda, MD from 2003 to 2005. I audited Non-Profits, For Profits, Unions, Pension, Health Plans, 401k and conducted claims audits. I left there and began working for American Postal Workers Union, AFL-CIO, Health Plan in 1/2006 - 8/2016 as a Senior Accountant responsible for their internal and external reporting including Financial Statements and Governmental reporting. I left left APWU Health Plan in August 2016 and began working for Trusted Health Plans, Inc in September 2016 and is still currently employed at this company. Listed below are the schools in which I have attended:

Jenks High School, Jenks, OK - Graduated - 1998
Baylor University, Waco, TX - No Degree /Credits Only/Transferred to PGCC - '98
Prince George's Com College, Largo, MD - No Degree/Credits Only/Transferred to BSU -1998
Bowie State University, Bowie, MD - Major: Business/Concentration: Accounting - Bachelors Degree Obtained - 2003
Walden University, Minneapolis, MN - Major: MBA/Major: Leadership - Master Degree Obtained- 2010

14. Identify by name, address and telephone number your current and past employers since either graduating or terminating your education, including dates of employment, position or job title and salary and reason for separation.

Plaintiff objects on the basis that this interrogatory seeks irrelevant information, is overbroad, and is intended only to harass and intimidate Plaintiff, as Plaintiff's employers before the credit dispute have no relevance to ARS's defenses to Plaintiff's claims in the Amended Complaint. This interrogatory is not limited in any way to seek information specifically relevant or related to this case or claims asserted in this case and are not reasonably calculated to lead to discovery of admissible evidence. Subject to the objections:

American Postal Workers Union, AFL-CIO, Health Plan, Glen Burnie, MD 1/2006-8
Place of Employment: American Postal Workers Union, AFL-CIO, Health Plan, Glen Burnie, MD
Years of Employment: 1/1/10 thru 8/30/2016
Position: Senior Accountant
Supervisor: Tim Erwin, Sharon Wasserman (Finance Manager's)
Salary: $57K-$85K, plus Annual Bonus
Duties: Supervised, motivated, directed and guided employees in the maintenance of accounting books and records including general ledger entries, contract and leases, payroll and accounts payable transactions. Prepared Internal and External Reporting including Financial Statements and Quarterly & Annual Financial Reporting to the Federal Office of Personnel Management (OPM). Coordinated the financial process to ensure accurate and timely internal financial statements and OPM financial reporting as well as monitoring the Letter of Credit, Incurred But Not Reported (IBNR) and balancing the claims system with the general ledger. Conducted budgeting and expense projections, including variance analysis and cost savings recommendations. Produced various other reports and financial data often including special requests for financial information and/or governmental policies or contracts. Made operational and financial recommendations to improve efficiency and cost effectiveness. Prepared variance reports, financial projections, financial statements and supporting schedules. Managed the Health Plan's cash flow position including Letter of Credit drawdown. Completed special projects and reports as requested by senior management. Met given objectives pertaining to cycle time, QA and productivity. Coordinate Audits with external Audit firm ensuring audit go smoothly. Prepare and collect data and prepare report to Actuaries.


Place of Employment: Trusted Health Plans, Inc., Washington, DC
Years of Employment: 9/12/16 to 7/2017
Position: Senior Accountant Manager
Supervisor: Scott Thompson (Controller)
Salary: 95K

Place of Employment: Trusted Health Plans, Inc., Washington, DC
Years of Employment: 7/17 to 9/2017
Position: Acting Controller/Senior Account Manager
Supervisor: Cleveland Slade (Chief Financial Officer)
Salary: 100K

Place of Employment: Trusted Health Plans, Inc., Washington, DC
Years of Employment: 9/17 to Present
Position: Director of Health Plan Accounting
Supervisor: Cleveland Slade (Chief Financial Officer)

Salary: 115K plus Bonus

Duties: Manages the day-to-day operation of the Finance department, which includes supervising, directing and guiding staff in the maintenance of accounting records including general ledger entries, payroll, and accounts payable transactions.

Prepares Internal Reporting including Ad hoc reporting, budgeting forecast and other reports as assigned for both the Corporate organization and its Subsidiaries. Coordinates the financial close process to ensure accurate and timely recording of transactions which includes reviewing of journal entries posting in the general ledger and account reconciliations.

Conducts budgeting and expense projection process including variance analysis and cost savings recommendations. Makes operational and financial recommendations to improve efficiency and cost effectiveness.

Prepares variance reports, financial projections and supporting schedules to assist HR in selecting the most cost effective benefit package for employees during contract renewal. Completes special projects and reports as requested by C-Suite Management. Works closely with the CFO to assist in creating company policies and procedures to ensure proper controls are being created and followed in the finance department. Coordinate Audits with external Audit firm ensuring audit are completed timely and efficiently.

Maintains a positive working relationship with the organization's vendors for both the Corporate organization and its Subsidiaries. Maintains a positive working relationship with the organization's Banking entities to ensure that the organization is making good use of its banking resources to meet the organization needs.

Monitors policies to ensure that proper controls are being followed. Assists with creating and implementing the organizational structure during the Corporate acquisition process of new Subsidiaries.

Reconciles the organization claims expense to their Lag Schedules that are sent to the organization Actuaries.

15. Identify, specifically, the date that you "became a senior account manager at [your] current place of employment", as referenced in the Complaint, and identify whether you are still employed at the place of employment and in that position.

Please see response to Interrogatory #14.

16. Identify all other lawsuits and court proceedings, including bankruptcy proceedings, in which you are or were a party, including for each suit the case number, the name of the Court, the style of the case, and the subject matter of the case.

Plaintiff objects on the basis that this interrogatory seeks irrelevant information. Subject to the objections:

12/13/17 Court Date - Case Number: 23V0MB2 - District Court of Maryland for Anne Arundel County - I have been summoned to be a witness in a lawsuit for State of Maryland

9

Vs. Tyrell Halloway for a motor vehicle accident I was apart of on March 4, 2016 where Tyrell Halloway was driving his vehicle and spun into ongoing traffic totaling my car, damaging a Three wheeler and State of Maryland Property.

17. Describe any criminal record that you have, including whether you have ever been convicted of a crime or have pleaded guilty or *nolo contendere* to a crime, and if so, the date of each conviction or plea, the name of the court, the crime involved, and the prison or jail, if any, where incarcerated.

Plaintiff objects on the basis that this interrogatory seeks irrelevant information.

18. Identify all experts you may use at trial, specifying the name and address of the expert and the expert's expected testimony.

Plaintiff does not have an expert to identify at this time, however, Plaintiff reserves the right to name a rebuttal expert.

19. Describe the factual basis and amounts of all damages you sustained as a result of PCP II's conduct.

Plaintiff objects on the basis that this interrogatory seeks irrelevant information, seeks a legal conclusion, and is not reasonably calculated to lead to discovery of admissible evidence. Subject to the objections:

The amount of the false, damaging reporting is/was $1,125, and that damaging trade line harmed my credit, which caused related substantial damages relating to my being held out of the credit market. Further, since the shocking and stressful revelation that ARS actually reported this false, damaging, defaming information to Transunion, Equifax, and Experian, I have experienced emotional distress, anxiety, sleepless nights, and embarrassment. I cannot quantify the effect of being held out of the various credit markets for the past year to a number at this time, however, the stress and anxiety that I experienced is because of those financial issues and financial losses. I experienced stress and anxiety while I was attempting to remove the false information from my credit reports. Managing my personal and professional reputation with the fictitious financial information in addition to putting off professional, financial and career advancements until this has been resolved has also been a great source of anxiety, stress, sleepless nights, and worry.
This has been a very emotionally taxing, aggravating and stressful process as I have followed all the appropriate steps to clear up this issue on 3 separate occasion before now filing this lawsuit. My first attempt was via the phone call with Ability where they were unable to confirm my identity through date of birth, social security number, and dependency since I have no dependents, and I explained this to them and they still reported this false information to the credit reporting agencies. My second attempt to clear up this matter was after the information was incorrectly reported to the credit agencies and I

completed an online dispute via equifax website. And thirdly by sending letters to all 3 credit reporting agencies and the two listed in the suit who still continue to report false information on my credit. And then having to take time out of my life and already hectic and demanding work schedule to find a lawyer, to file this suit, interact with legal representation, take calls, take time off work to take meeting with legal counsel, reply to emails and continue to have to defend fraudulently information when I have followed the appropriate steps with no satisfaction. This entire experience has caused me a great deal of anxiety. This has added a great deal of stress to my life while trying to protect my reputation by limiting my ability to do business, look for other career opportunities knowing in order to effectively do so I would have to expose the fictions false debt information to them which could damage my reputation even further, or in the least my competitive ability with this having this false debt over my head.

20. Describe the factual basis and amounts of all damages you sustained as a result of ARS's conduct.

Plaintiff objects on the basis that this interrogatory seeks irrelevant information, seeks a legal conclusion, and is not reasonably calculated to lead to discovery of admissible evidence. Subject to the objections:

The amount of the false, damaging reporting is/was $1,125, and that damaging trade line harmed my credit, which caused related substantial damages relating to my being held out of the credit market. Further, since the shocking and stressful revelation that ARS actually reported this false, damaging, defaming information to Transunion, Equifax, and Experian, I have experienced emotional distress, anxiety, sleepless nights, and embarrassment. I cannot quantify the effect of being held out of the various credit markets for the past year to a number at this time, however, the stress and anxiety that I experienced is because of those financial issues and financial losses. I experienced stress and anxiety while I was attempting to remove the false information from my credit reports. Managing my personal and professional reputation with the fictitious financial information in addition to putting off professional, financial and career advancements until this has been resolved has also been a great source of anxiety, stress, sleepless nights, and worry.
This has been a very emotionally taxing, aggravating and stressful process as I have followed all the appropriate steps to clear up this issue on 3 separate occasion before now filing this lawsuit. My first attempt was via the phone call with Ability where they were unable to confirm my identity through date of birth, social security number, and dependency since I have no dependents, and I explained this to them and they still reported this false information to the credit reporting agencies. My second attempt to clear up this matter was after the information was incorrectly reported to the credit agencies and I completed an online dispute via equifax website. And thirdly by sending letters to all 3 credit reporting agencies and the two listed in the suit who still continue to report false information on my credit. And then having to take time out of my life and already hectic and demanding work schedule to find a lawyer, to file this suit, interact with legal

representation, take calls, take time off work to take meeting with legal counsel, reply to emails and continue to have to defend fraudulently information when I have followed the appropriate steps with no satisfaction. This entire experience has caused me a great deal of anxiety. This has added a great deal of stress to my life while trying to protect my reputation by limiting my ability to do business, look for other career opportunities knowing in order to effectively do so I would have to expose the fictions false debt information to them which could damage my reputation even further, or in the least my competitive ability with this having this false debt over my head.

21. Describe the factual basis and amounts of all damages you sustained as a result of Equifax's conduct.

Plaintiff objects on the basis that this interrogatory seeks irrelevant information, seeks a legal conclusion, and is not reasonably calculated to lead to discovery of admissible evidence. Subject to the objections:

The amount of the false, damaging reporting is/was $1,125, and that damaging trade line harmed my credit, which caused related substantial damages relating to my being held out of the credit market. Further, since the shocking and stressful revelation that ARS actually reported this false, damaging, defaming information to Transunion, Equifax, and Experian, I have experienced emotional distress, anxiety, sleepless nights, and embarrassment. I cannot quantify the effect of being held out of the various credit markets for the past year to a number at this time, however, the stress and anxiety that I experienced is because of those financial issues and financial losses. I experienced stress and anxiety while I was attempting to remove the false information from my credit reports. Managing my personal and professional reputation with the fictitious financial information in addition to putting off professional, financial and career advancements until this has been resolved has also been a great source of anxiety, stress, sleepless nights, and worry.
This has been a very emotionally taxing, aggravating and stressful process as I have followed all the appropriate steps to clear up this issue on 3 separate occasion before now filing this lawsuit. My first attempt was via the phone call with Ability where they were unable to confirm my identity through date of birth, social security number, and dependency since I have no dependents, and I explained this to them and they still reported this false information to the credit reporting agencies. My second attempt to clear up this matter was after the information was incorrectly reported to the credit agencies and I completed an online dispute via equifax website. And thirdly by sending letters to all 3 credit reporting agencies and the two listed in the suit who still continue to report false information on my credit. And then having to take time out of my life and already hectic and demanding work schedule to find a lawyer, to file this suit, interact with legal representation, take calls, take time off work to take meeting with legal counsel, reply to emails and continue to have to defend fraudulently information when I have followed the appropriate steps with no satisfaction. This entire experience has caused me a great deal of

anxiety. This has added a great deal of stress to my life while trying to protect my reputation by limiting my ability to do business, look for other career opportunities knowing in order to effectively do so I would have to expose the fictions false debt information to them which could damage my reputation even further, or in the least my competitive ability with this having this false debt over my head.

22. Describe the factual basis and amounts of all damages you sustained as a result of Experian's conduct.

Plaintiff objects on the basis that this interrogatory seeks irrelevant information, seeks a legal conclusion, and is not reasonably calculated to lead to discovery of admissible evidence. Subject to the objections:

The amount of the false, damaging reporting is/was $1,125, and that damaging trade line harmed my credit, which caused related substantial damages relating to my being held out of the credit market. Further, since the shocking and stressful revelation that ARS actually reported this false, damaging, defaming information to Transunion, Equifax, and Experian, I have experienced emotional distress, anxiety, sleepless nights, and embarrassment. I cannot quantify the effect of being held out of the various credit markets for the past year to a number at this time, however, the stress and anxiety that I experienced is because of those financial issues and financial losses. I experienced stress and anxiety while I was attempting to remove the false information from my credit reports. Managing my personal and professional reputation with the fictitious financial information in addition to putting off professional, financial and career advancements until this has been resolved has also been a great source of anxiety, stress, sleepless nights, and worry.
This has been a very emotionally taxing, aggravating and stressful process as I have followed all the appropriate steps to clear up this issue on 3 separate occasion before now filing this lawsuit. My first attempt was via the phone call with Ability where they were unable to confirm my identity through date of birth, social security number, and dependency since I have no dependents, and I explained this to them and they still reported this false information to the credit reporting agencies. My second attempt to clear up this matter was after the information was incorrectly reported to the credit agencies and I completed an online dispute via equifax website. And thirdly by sending letters to all 3 credit reporting agencies and the two listed in the suit who still continue to report false information on my credit. And then having to take time out of my life and already hectic and demanding work schedule to find a lawyer, to file this suit, interact with legal representation, take calls, take time off work to take meeting with legal counsel, reply to emails and continue to have to defend fraudulently information when I have followed the appropriate steps with no satisfaction. This entire experience has caused me a great deal of anxiety. This has added a great deal of stress to my life while trying to protect my reputation by limiting my ability to do business, look for other career opportunities knowing in order to effectively do so I would have to expose the fictions false debt

13

information to them which could damage my reputation even further, or in the least my competitive ability with this having this false debt over my head.

23. Identify any calendars, diaries, logs, notes, journals, or any other written or recorded summary of events maintained by you that in any way relate to this Lawsuit.

Plaintiff objects to this interrogatory to the extent that it requests information that is subject to attorney-client privilege. Subject to the objection, there are no documents responsive to this interrogatory.

24. If you are claiming physical or emotional damages, identify every physician and health care provider from whom you have received treatment over the past 5 years.

Plaintiff objects on the basis that this interrogatory seeks irrelevant information, and is not reasonably calculated to lead to discovery of admissible evidence. Plaintiff responded to interrogatories stating that she did not see any physicians or mental health professionals for the damages claimed in the Amended Complaint.

25. Describe any and all changes in employment since November 2016, including the basis for the change, including any promotions or demotions, and any performance awards or bonuses.

See answer to Interrogatory #14.

**Plaintiff reserves the right to amend the responses to each request, and amend objections to each request**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce all documents that support the factual basis and amounts of all damages you claim you have suffered, including but not limited to statutory damages, actual damages, and mental or emotional damages.

See attached documents, bates stamped 0001 – 0304.

2. Produce all documents identified in your responses to the Interrogatories or relied on in preparing your interrogatory responses.

See attached documents, bates stamped 0001 – 0304.

3. Produce all documents that support your factual allegations in the Complaint.

14

See attached documents, bates stamped 0001 – 0304.

4. Produce all documents that you sent to PCP II or that you received from PCP II.

See attached documents, bates stamped 0001 – 0304.

5. Produce all documents that you sent to ARS or that you received from ARS.

See attached documents, bates stamped 0001 – 0304.

6. Produce all documents that you sent to Experian, TransUnion, and/or Equifax, or that you received from Experian, TransUnion and/or Equifax.

See attached documents, bates stamped 0001 – 0304.

7. Produce all recordings of conversations or recordings of messages that reflect communications or attempted communications between you and PCP II.

8. Produce all recordings of conversations or recordings of messages that reflect communications or attempted communications between you and ARS.

9. Produce all statements taken by you or on your behalf from any person relating to the allegations in the Complaint.

See attached documents, bates stamped 0001 – 0304.

10. Produce all documents which you expect to introduce as evidence at trial or which you intend to use at trial in any manner.

See attached documents, bates stamped 0001 – 0304.

11. Produce any and all tangible reports, physical models, compilations of data, and other materials prepared by an expert, or for an expert, who may testify for you at any trial or deposition in this Lawsuit.

Plaintiff does not currently plan on producing expert testimony.

12. Regarding judicial, regulatory and administrative proceedings, produce any and all documents identifying:

   a. Whether you have ever been accused or convicted of any crime;

15

    b. Whether you have ever been incarcerated and any documents relating to that action or proceeding;

    c. Whether you have ever been accused or convicted of any contempt of court;

    d. Whether you have ever filed for protection under the bankruptcy laws or been subject to an involuntary bankruptcy proceeding, been found bankrupt or insolvent in any administrative or legal proceeding.

    e. Whether you have ever been named as a defendant in any action, criminal, civil, administrative or regulatory, under any federal, state or local law;

    f. Whether you have ever been named as a plaintiff in any action, civil, administrative or regulatory, under any federal, state or local law; and

    g. Whether you have ever been subject to immigration or naturalization proceedings.

Plaintiff objects as this request seeks irrelevant information, and is not reasonably calculated to lead to discovery of admissible evidence.

13. Produce all documents identified by you or used in preparing responses to the Interrogatories, and produce all documents in your possession, custody or control, setting forth information responsive to each of the interrogatories.

Plaintiff objects to this request as far as it seeks documents subject to attorney-client privilege and the doctrine of work product.

14. Produce all advertisements, announcements, internet posts, web pages, business cards, signs, placards, resumes, phone listings, or communications published by you, or about or concerning any employment undertaken by you, and which contain a contact phone number to reach you.

Plaintiff objects as this request seeks irrelevant information, and is not reasonably calculated to lead to discovery of admissible evidence.

15. Produce your credit reports for the last two (2) years.

Plaintiff objects to this request as it is overbroad and vague. Subject to the objection, see attached documents, bates stamped 0001 – 0304.

16. Produce any and all documents that support your claims that you have actual damages.

See attached documents, bates stamped 0001 – 0304.

17. Produce any and all documents that support your claim, if any, that the EmCare-Randall Emergency Physicians tradeline affected your current, or past, employment.

See attached documents, bates stamped 0001 – 0304.

**Plaintiff reserves the right to amend the responses to each request, and amend objections to each request**

I, Crystal Long, do solemnly declare and affirm under the penalties of perjury that the contents of the foregoing responses to interrogatories and requests for admission are true and correct to the best of my knowledge, information and belief.

_/s/ Crystal Long_
Crystal Long

                      Respectfully submitted,

                      /s/ Ingmar Goldson
                      Ingmar Goldson, Esquire
                      The Goldson Law Office, LLC
                      1734 Elton Road, Suite 210
                      Silver Spring, MD 20903

**Certificate of Service**

I hereby certify that on this 29th day of November, 2017, a copy of the foregoing was mailed first-class, postage prepaid to:

    Patrick Dugan McKevitt
    Whiteford Taylor and Preston LLP
    Seven Saint Paul St
    Baltimore, MD 21202

                                              /s/ Ingmar Goldson
                                              Ingmar Goldson, Esq.
                                              *Attorney for Plaintiff*