# EXHIBIT C

# DOCUMENT REDACTED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Crystal Long, | ) | |
| | ) | |
| Plaintiff, | ) | Judge George Jarrod Hazel |
| | ) | |
| v. | ) | Case No.: 8:17-cv-01955-GJH |
| | ) | |
| Pendrick Capital Partners II, LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**PENDRICK CAPITAL PARTNERS II, LLC'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES, REQUESTS FOR ADMISSION AND REQUESTS FOR PRODUCTION**

NOW COMES Pendrick Capital Partners II, LLC ("PCP II"), by and through the undersigned counsel, and hereby responds to Plaintiff's Second Set of Interrogatories, Requests for Admission and Requests for Production directed to PCP II as follows:

**GENERAL OBJECTIONS AND RESERVATIONS**

PCP II responds to plaintiff's requests subject to and without waiving these general objections in addition to any specific objections raised in response to a specific discovery request.

1. PCP II objects to plaintiff's discovery requests to the extent they seek information protected by the attorney-client privilege, work product doctrine, and/or are beyond the scope allowed under federal and state law.
2. PCP II objects to plaintiff's discovery requests to the extent that the information requested is obtainable from some source, other than PCP II, which is more convenient, less burdensome and/or less expensive.
3. PCP II objects to plaintiff's discovery requests to the extent they seek proprietary information, trade secrets, or confidential business information.
4. PCP II objects to plaintiff's discovery requests to the extent they seek information or documents reflecting consumer information that is protected from disclosure by applicable federal and/or state privacy laws.

5.      PCP II objects to plaintiff's discovery requests to the extent that the document requests are vague and ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant evidence.

These general objections are applicable to, and incorporated in, each of PCP II's responses below as set forth herein.  Stating a specific objection shall not be construed as a waiver of PCP II's general objections.

PCP II reserves the right to supplement its responses as investigation and discovery are continuing.

## INTERROGATORIES

17.     Please state whether or not it is a normal business practice for Pendrick place the medical debts that it purchases for collection with collection agencies.

**RESPONSE: PCP II objects to this Interrogatory as ill-defined, vague, overly broad, excessive in time and scope, irrelevant and seeking potentially confidential consumer information not relevant to the allegations in the Complaint and not proportional to the needs of the case.  Subject to and expressly reserving these objections, PCP II places all debts that it purchases for collection with agencies.**

18.     Please state how Pendrick normally collects the debts that it purchases or acquires.

**RESPONSE:  *See* Response to Interrogatory No. 17.**

19.     Please state whether or not you are a member of ACA International (The Association of Credit Collection Professionals).

**RESPONSE:  PCP II objects to this Interrogatory as vague, overly broad, excessive in time and scope and not proportional to the needs of the case. Subject to and expressly reserving these objections, PCP II is not a member of ACA International.**

20.     Please describe the process by which you audit agencies that you hire or use to collect your debts.

**RESPONSE:   PCP II objects to this Interrogatory as ill-defined, vague, overly broad, and excessive in time and scope. Subject to and expressly reserving these objections, the only agency relevant in this case is Ability Recovery Services, LLC, and Ability has previously provided the November 5, 2016 Contract for Services.  The Contract for**

2

**Services speaks for itself and is the best evidence of its content.  Further answering, PCP II conducts regular audits of its agencies to ensure all collection activity is done in a way that is compliant with all state and federal regulations.**

21. Do you use any instrumentality of interstate commerce in any business, the principal purpose of which, is the collection of any debts?

**RESPONSE:   PCP II objects to this Interrogatory as ill-defined, vague, overly broad, excessive in time and scope, and to the extent it seeks a legal conclusion. Subject to and expressly reserving these objections, PCP II places all debts that it purchases for collection with agencies.**

22. Do you purchase debts that are not delinquent at the time of purchase? If so, how often?

**RESPONSE:   PCP II objects to this Interrogatory as ill-defined, vague, overly broad, and excessive in time and scope. Subject to and expressly reserving these objections, PCP II does not purchase any debts that are not already delinquent.**

23. What is the principal purpose of your business?

**RESPONSE:   PCP II objects to this Interrogatory as ill-defined, vague, overly broad, excessive in time and scope, and to the extent it seeks a legal conclusion.  Subject to and expressly reserving these objections, PCP II purchases accounts from physician groups, hospitals and ambulance companies.**

24. Do you resell debt accounts that you acquire?

**RESPONSE:   PCP II objects to this Interrogatory as ill-defined, vague, overly broad, and excessive in time and scope.  Subject to and expressly reserving these objections, PCP II does not resell accounts that it acquires.**

25. Describe the selection process that you use to select that collection agencies that you use.

**RESPONSE:   PCP II objects to this Interrogatory as irrelevant, vague, overly broad, excessive in time and scope and not proportional to the needs of the case.**

3

26. Do you require that the collection agencies that you use follow a set of Standard Operating Procedures? If so, please describe those Standard Operating Procedures.

**RESPONSE:** PCP II objects to this Interrogatory as vague, overly broad, and excessive in time and scope. Subject to and expressly reserving these objections, PCP II requires agencies to follow state and federal law.

## REQUESTS FOR ADMISSION

1. Admit that you have purchased more than 75 million accounts with a face value in excess of $25 billion from numerous physician groups, hospitals and ambulance companies.

**ANSWER: Denied.**

2. Admit that you subject the collection agencies that you use to a rigorous selection process prior to them ever receiving placements from you.

**ANSWER: Admit.**

3. Admit that the debt, the subject of which is in the Complaint, is not owed to you by the Plaintiff.

**ANSWER: PCP II lacks knowledge or information sufficient to either admit or deny Request No. 3.**

4. Admit that the debt, the subject of which is in the Complaint, is not owed to Ability Recovery Services, LLC by the Plaintiff.

**ANSWER: PCP II lacks knowledge or information sufficient to either admit or deny Request No. 4.**

5. Admit that you regularly collect debts.

**ANSWER: Denied.**

6. Admit that you regularly place debts that you [sic] purchase with collection agencies, that collect those debts for you.

**ANSWER: Admit.**

7. Admit that the debt, the subject of which is in the Complaint, was owed by a consumer who lived in Baltimore, Maryland.

**ANSWER: Upon information and belief, admitted.**

8. Admit that you have not audited Ability Recovery Services, LLC in the past three years.

**ANSWER: Denied.**

9. Admit that you never resell the debt accounts that you acquire.

**ANSWER: Admit.**

10. Admit that in the past three years, you have used an [sic] instrumentality of interstate commerce in any business, the principal purpose of which, was the collection of any debts.

**ANSWER: PCP II objects to this Request to the extent it seeks a legal conclusion. Subject to and expressly reserving this objection, denied.**

11. Admit that it is a normal business practice for Pendrick to place the medical debts that it purchases for collection with collection agencies.

**ANSWER: Admit.**

12. Admit that you place debts with collection agencies with the intent of allowing those collection agencies to collect consumer debt on your behalf.

**ANSWER: Admit.**

5

13. Admit that you do not have a dispute process in place for when consumers dispute debt that you allege is owed to you.

**ANSWER: Denied.**

## REQUESTS FOR PRODUCTION

21. All documents containing records of the Standard Operating Procedures that you require collection agencies follow.

**RESPONSE: PCP II objects to this Request as vague, confusing, excessive in time and scope, to the extent that it assumes facts not in evidence, to the extent it seeks the turnover of documents protected by the attorney-client privilege or work product doctrine, or documents in the sole possession and control of third parties, and to the extent it seeks information irrelevant to the allegations in the Complaint and not likely to lead to the discovery of admissible evidence. Subject to and expressly reserving these objections,** *see* **PCP II 015-055, which is being produced subject to the protective order.**

22. All documents that contain records of the selection process that you use to select the collection agencies that you use to collect the debts that you acquire.

**RESPONSE: PCP II objects to this Request as vague, confusing, excessive in time and scope, to the extent that it assumes facts not in evidence, to the extent it seeks the turnover of documents protected by the attorney-client privilege or work product doctrine, or documents in the sole possession and control of third parties, and to the extent it seeks information irrelevant to the allegations in the Complaint and not likely to lead to the discovery of admissible evidence.**

23. All documents that contain records of the process by which you audit the agencies that you hire or use to collect debts that you acquire.

**RESPONSE: PCP II objects to this Request as vague, confusing, excessive in time and scope, to the extent that it assumes facts not in evidence, to the extent it seeks the turnover of documents protected by the attorney-client privilege or work product doctrine, or documents in the sole possession and control of third parties, and to the extent it seeks information irrelevant to the allegations in the Complaint and not likely to lead to the discovery of admissible evidence. Subject to and expressly**

**reserving these objections,** *see* **PCP II 010-014, which is being produced subject to the protective order.**

Date: February 16, 2018

                                            Respectfully submitted,

                                            */s/ Morgan I. Marcus*
                                            Morgan I. Marcus
                                            Sessions, Fishman, Nathan & Israel, LLC
                                            120 South LaSalle Street, Suite 1960
                                            Chicago, Illinois 60603
                                            Telephone: (312) 578-0990
                                            E-mails: mmarcus@sessions.legal

                                            */s/ Patrick D. McKevitt*
                                            Patrick D. McKevitt
                                            Whiteford Taylor and Preston LLP
                                            Seven Saint Paul St.
                                            Baltimore, MD 21202
                                            pmckevitt@wtplaw.com
                                            *Attorneys for Pendrick Capital Partners II, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day of February 16, 2018, a true and correct copy of **Pendrick Capital Partners II, LLC's Answers and Objections to Plaintiff's Second Set of Interrogatories, Requests for Admission, and Requests for Production** was served on the following party of record via electronic mail at the address below:

Ingmar Goldson, Esq.
The Goldson Law Office
1734 Elton Road, Suite 210
Silver Spring, MD 20903
igoldson@goldsonlawoffice.com

*Attorney for Plaintiff*


         */s/ Morgan I. Marcus*

         *Attorney for Pendrick Capital Partners II, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Crystal Long, | ) | |
| | ) | |
| Plaintiff, | ) | Judge George Jarrod Hazel |
| | ) | |
| v. | ) | Case No.: 8:17-cv-01955-GJH |
| | ) | |
| Pendrick Capital Partners II, LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## **VERIFICATION**

    The undersigned, under the penalties as provided by law, hereby verifies and certifies that the statements contained in the foregoing ANSWERS AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES are true and accurate, except as to those matters therein stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
Signature

ANTHONY ALBANESE
_____
Printed Name

CFO
_____
Title