# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CRYSTAL LONG,** | **Civil Action No.** |
| Plaintiff, | |
| | **8:17-cv-01955-GJH** |
| V. | |
| **PENDRICK CAPITAL PARTNERS II, LLC,** | |
| **ABILITY RECOVERY SERVICES, LLC,** | |
| **EXPERIAN INFORMATION SOLUTIONS, INC.,** | |
| AND | |
| **EQUIFAX INFORMATION SERVICES, LLC,** | |
| Defendants. | |

### DEFENDANT, ABILITY RECOVERY SERVICES, LLC'S SUPPLEMENTAL ANSWERS AND OBJECTIONS TO PLAINTIFF, CRYSTAL LONG'S FIRST INTERROGATORIES

Defendant, Ability Recovery Services, LLC ("ARS"), by and through its attorneys, Marshall Dennehey Warne, Coleman & Goggin, P.C., hereby submits the following supplemental Answers and Objections to Plaintiff, Crystal Long's First Interrogatories addressed to ARS, stating as follows:

### PRELIMINARY STATEMENT

As to each and every request contained in Plaintiff's First Interrogatories, ARS states the following:

1. These responses are made pursuant to the Federal Rules of Civil Procedure and are based upon information presently known by ARS. It is anticipated that further discovery, investigation, legal research and analysis will supply additional factual conclusions and legal contentions. ARS reserves the right to rely on such additional discovery, investigation, legal research and analysis, and to make such additions, changes, and variations to these responses as warranted thereby. These responses are made in a good faith effort to supply as much information and specification as is presently known, but shall not prejudice ARS in relation to further discovery, research or analysis.

2. Each response herein is subject to all objections on any grounds that would require exclusion of all or part of any statement herein as if such request was asked of, or statements contained herein were made by, a witness testifying at trial, all such objections being expressly reserved.

3. ARS' identification of documents and/or providing information herein shall not be construed as an admission of ARS that any such document and/or information is either relevant or admissible for any purpose, including trial, in the above-referenced matter.

4. No incidental or implied admissions are intended by the responses made herein. The fact that ARS has answered or objected to any Request is not an admission that ARS admits the existence of any "facts" set forth or assumed by such request.

## **GENERAL OBJECTIONS**

1. ARS objects to all Interrogatories that attempt to require it to provide information and/or documentation not within its possession, custody, or control, or within the possession, custody, or control of any of its representatives, employees, agents, or attorneys.

2. The absence of an objection that an Interrogatory is irrelevant is not intended to be a waiver of that objection and ARS reserves the right to object on relevancy grounds at any stage of these proceedings.

3. ARS has responded to these Interrogatories to the extent of its current knowledge and available information. However, ARS' discovery and investigation in preparation for trial of this matter has not been completed as of the date of these responses, and therefore, ARS does not purport to state anything more than the information presently known to or discovered by it. ARS specifically reserves the right to supplement, modify, or amend its responses or to present additional information at a later date.

4. ARS has based its responses upon the assumption that Plaintiff and did not intend to seek information protected against discovery by the attorney-client privilege or the attorney work product doctrine. To the extent any Request or any part thereof is intended to elicit such information, ARS objects thereto and asserts the protection and privileges provided thereby to the fullest extent.

5. ARS objects to the Interrogatories which attempt to require it to identify "all" persons with knowledge and documents on the grounds that such Requests are unduly burdensome, oppressive, and overbroad.

6. ARS objects to these Interrogatories to the extent they utilize the word "identify" in such a manner as to render the Request unduly burdensome, oppressive and overbroad.

7. ARS objects to these Interrogatories on the grounds that they are unduly burdensome and oppressive to the extent that the Interrogatories require ARS to state specific facts, documents conversations, agreements and personal knowledge upon which ARS bases a denial of an abstract, vague, general and incomprehensible assertion by ARS. In many cases, it is difficult, if not impossible, to prove a negative or a nonexistence, particularly when ARS is given no specific facts to refute. Accordingly, ARS reserves its right to introduce any additional information when and if Plaintiff makes specific supported assertions.

8. Referencing and expressly incorporating each of these general objections, ARS hereby responds as follows:

### DEFENDANT, ACCOUNT RESOLUTION SERVICES, LLC'S SUPPLEMENTAL ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST INTERROGATORIES

1. Identify all persons who are likely to have personal knowledge of any fact alleged in the Complaint, and any defense alleged in your Answer, and state the subject matter of the personal knowledge possessed by each such person – including any of your employees who, in any way, handled or supervised any matters in connection with Plaintiff's disputes to you, your credit reporting or furnishings about Consumer, and any of your communications with Consumer or any credit reporting agency regarding Plaintiff.

**ANSWER:**

**Objection. ARS objects to this Interrogatory on the grounds that it is vague, overbroad and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, ARS responds that Plaintiff, Crystal Long, a representative of Plaintiff's employer from September 2016 through May 2017 with access to the employer's employee handbook and guidelines, Kim Nanfeldt of ARS, a representative of co-Defendant, Pendrick Capital Partners II, LLC ("Pendrick"), a representative of co-Defendant, Experian Information Solutions, Inc. ("Experian") and a representative of co-Defendant, Equifax Information Services, LLC ("Equifax") have personal knowledge of the facts alleged in Plaintiff's Complaint and ARS' defenses.**

2. Identify any persons or entities whom you contend are persons needed for just adjudication within the meaning of Fed. R. Civ. P. 19, but who have not been named by Plaintiff.

**ANSWER:**

**Objection. ARS objects to this Interrogatory on the grounds that it is vague, overbroad and not calculated to lead to the discovery of admissible evidence.**

3. If any person covered on an insurance business might by liable to satisfy part of all of a judgment that might be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, identify that person, state the applicable policy limits of any insurance agreement under which the person might be liable, and describe any question or challenge raised by the person relating to coverage for this action (Standard General Interrogatory No. 5)

**ANSWER:**

**ARS does not have any information which is, or may be, responsive to this Interrogatory, as it is effectively self insured against Plaintiff's claims in her Complaint.**

4. For each witness you have retained or specially employed to provide expert testimony in this case, or employed by you whose duties regularly involve giving expert testimony and whom you expect to testify at trial, provide a complete statement of the opinions to be expressed and the basis and reasons therefore.

**ANSWER:**

**At the present time ARS has not made any decisions regarding expert witnesses that it may utilize in this matter. ARS reserves the right to update its response to this Interrogatory, as discovery in this matter is ongoing.**

5. Please state the full name, address, job title, occupation and name and address of the present employer of each person answering or assisting in answering these interrogatories on your behalf.

**ANSWER:**

**Kim Nanfeldt – Collection Manager at ARS.**

6. Itemize and show how you calculate any debt owed by Plaintiff to Pendrick by Ability.

**ANSWER:**

**Objection. ARS objects to this Interrogatory on the grounds that it is vague, overbroad and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, ARS responds that it relied on the information provided by co-Defendant, Pendrick, when determining the amount of the debt at issue that it sought to recover from Plaintiff.**

7. Identify by name, publisher, publisher's address, vendor and vendor's address, any commercial software which you use to maintain, bill, collect, or report any information relating to your consumer accounts or application information relating to your consumer accounts.

**ANSWER:**

**Objection. ARS objects to this Interrogatory on the grounds that it is vague, overbroad and not calculated to lead to the discovery of admissible evidence. ARS further objects to this Interrogatory on the grounds that it seeks information which is, or may be, confidential or proprietary in nature, the disclosure of which could potentially leave ARS at a competitive disadvantage in its industry.**

8. Please identify the date, recipient, and content (as recorded by Metro or Metro 2 data) of each occurrence during the preceding five years in which you reported to credit data regarding Plaintiff. If you have reported such data, state whether such reportings were made pursuant to an express or written authorization by you for the relevant consumer reporting agency to report that data.

**ANSWER:**

**ARS does not currently have any information which is responsive to this Interrogatory. ARS reserves the right to update its response to this Interrogatory, as discovery in this matter is ongoing.**

9. Identify by name, home address, telephone number, and date of birth, each individual employed by Ability in the preceding 5 years who supervised reinvestigations of credit data reported to any consumer reporting agency for you. Include in you answer a description of the individual's job title and the dates of employment of the individual.

**ANSWER:**

**Cassandra Groshek, Clerical Employee from February 15, 2017 to the present;**

**Shannon Saxon Price, Clerical Employee from April 26, 2016 to the present; and**

**Susan Cooper, Clerical Employee from April 24, 2017 to December 1, 2017.**

**All three individuals supervised reinvestigations of credit data reported to consumer reporting agencies during the applicable time period.**

10. In light of the allegations in the Complaint, please identify each incident where you erroneously verified credit information relating to Plaintiff which should not have been verified.

**ANSWER:**

**Objection. ARS objects to this Interrogatory on the grounds that it is confusing, vague, overbroad and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, ARS responds that it does not have any information that is, or may be, responsive to this Interrogatory, as it did not erroneously verify credit information related to Plaintiff which allegedly should not have been verified.**

11. In light of the allegations in the Complaint, please identify each action taken by you in verifying the credit information relating to Plaintiff upon notification of each dispute from either the consumer directly, or from a credit reporting agency.

**ANSWER:**

**Objection. ARS objects to this Interrogatory on the grounds that it is confusing, vague, overbroad and not calculated to lead to the discovery of admissible evidence. ARS further objects to this Interrogatory on the grounds that it seeks the disclosure of information which is, or may be, confidential and/or proprietary in nature. Subject to and without waiving these objections, ARS responds that it has procedures in place regarding the receipt of disputes in which it performs reasonable investigations into each dispute, including, but not limited to, review of all relevant information provided by the consumer. Upon completion of the review, ARS reports the results to the consumer within thirty days of receipt of the dispute and notifies the consumer reporting agencies of any corrected information that resulted from its reasonable investigation.**

12. Please explain and describe Ability's actions to assess or identify the risks and potential for harm to consumers arising from inaccurate credit reporting by Ability.

**ANSWER:**

**Objection. ARS objects to this Interrogatory on the grounds that it is confusing, vague, overbroad and not calculated to lead to the discovery of admissible evidence.**

13.  Describe every step taken by you to investigate Consumer's dispute of your account and consumer credit data which was reported to the national consumer reporting agencies—including the identity, home address, telephone number, social security number and date of birth of witnesses interviewed and persons conducting the investigation; documents requested and reviewed, communications with the national consumer reporting agencies, description of any computer systems queried or other investigative means employed. Please include reference to the matter in which the data in this case was investigated, Ability's understanding as to how it continued to be placed in Consumer's credit files and reports and whether Ability took any steps to have that information removed or altered so as to prevent said data from being incorrectly attributed to Consumer.

**ANSWER:**

**Objection. ARS objects to this Interrogatory on the grounds that it is confusing, vague, overbroad and not calculated to lead to the discovery of admissible evidence. ARS further objects to this Interrogatory on the grounds that it seeks the disclosure of information which is, or may be, confidential and/or proprietary in nature. Subject to and without waiving these objections, ARS responds that upon receipt of Plaintiff's dispute it performed a reasonable investigation into the information that it had in its possession regarding Plaintiff's account to either verify the dispute or to make a determination that the information that it had in its possession was inaccurate. ARS then reported the results of its investigation to both Plaintiff and the credit bureaus, as per the requirements of the Fair Credit Reporting Act.**

14. Identify the date, time, matter, purpose and individuals responsible for each incident in which Ability obtained access to Long's consumer credit or any consumer report at any time during the preceding 3 years.

**ANSWER:**

**Objection. ARS objects to this Interrogatory on the grounds that it is confusing, vague, overbroad and not calculated to lead to the discovery of admissible evidence. ARS further objects to this Interrogatory on the grounds that it seeks the disclosure of information which is, or may be, confidential and/or proprietary in nature. Subject to and without waiving these objections, ARS responds that it does not possess any information that is, or may be, responsive to this Interrogatory, as it did not access Plaintiff's credit reports at any time during the preceding three years.**

15. Identify the true creditor of any account which Ability reported in association with Consumer's personal identifiers—including but not limited to the holder of the account or securitization trust which owned the credit obligation—and the nature of any relationship between Ability and that creditor.

**ANSWER:**

**Objection. ARS objects to this Interrogatory on the grounds that it is confusing, vague, overbroad and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, ARS responds that it attempted to recover a valid and delinquent debt owed by Crystal Long to co-Defendant, Pendrick.**

16. Identify by description, author, date of creation any documents which have been requested by the Plaintiff, but which have been withheld on the basis of trade secret, confidentiality or privilege.

**ANSWER:**

**ARS' applicable policies and procedures regarding disputes, any policies or procedures received from the credit bureaus, to the extent that such documents exist and ARS' training and supervisory materials.**

17. Identify—including Case number, venue, parties, amount of any settlement or judgment paid by Ability—every lawsuit in which you were alleged to have improperly reported or reinvestigated credit reporting data relating to a consumer report.

**ANSWER:**

Objection. ARS objects to this Interrogatory in that it is irrelevant, overly broad, unduly burdensome, not calculated to lead to the discovery of admissible or relevant evidence and is intended to harass and oppress ARS. See Dewey v. Associates Collectors, Inc., 927 F.Supp. 1172, 1175 (W.D. Wis. 1996); Powell v. Computer Credit, Inc., 975 F. Supp 1034, 1039 (S.D. Ohio 1997)("the Court should consider the debt collector's noncompliance as to the individual plaintiff only, and not to others who may have been subject to the debt collector's noncompliance"); and Anderson v. Frederick J. Hann and Associates, 361 F. Supp. 2d 1379, 1384 (N.D. Ga. 2005)(declining to consider FDCPA violations unrelated to the present action); Cusumano v. NRB, Inc., 1998 U.S. Dist. LEXIS 15418, *4-*7, Case No. 96 C 6876 (N.D. Ill. Sept. 22, 1998) (denying motion to compel production of information about other litigation concerning collection practices)(citing to Byes v. Credit Bureau Enters., 1995 U.S. Dist. LEXIS 13559, *2 Civil Action No. 95-239 SECTION "I" (4) (E.D. La. Sept. 8, 1995)) and Richard v. Oak Tree Group, Inc., 2008 U.S. Dist. LEXIS 95002, *20, Case No. 1:06-cv-362 (W.D. Mich. Nov. 21, 2008) (finding the reasoning in Dewey persuasive and concluding that the "frequency and persistence of non-compliance" does not include a debt collector's action with respect to non-parties). Additionally, F.R.E. 404 clearly states, "evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion. . ." The fact that ARS may have faced lawsuits in the past or may be involved in other lawsuits presently is clearly character evidence and nothing more and thus, is neither relevant nor admissible and is unduly burdensome in light of the claims asserted. Also, the information sought by Plaintiff in this Interrogatory is equally available to Plaintiff in the public domain.

18. Please state, explain and describe the contents of each and every CDV [Consumer Dispute Verification] and ACDV [CDV response] and UDF [Universal Data Form] you received, sent or possessed, at any time, which bore any of plaintiff's personal identifiers.

**ANSWER:**

**ARS is in the process of obtaining additional information regarding this Interrogatory and will provide the information upon receipt, as discovery in this matter is ongoing.**

19. Please state, explain and describe all of the information or data that you received from Pendrick that resulted in you attempting to collect money from the Plaintiff.

**ANSWER:**

**Objection. ARS objects to this interrogatory on the grounds that it is vague and overbroad and on the grounds that it seeks information from ARS which is, or may be, confidential or proprietary in nature, the disclosure of which may place ARS at a competitive disadvantage in its industry.**

20. For each paragraph of plaintiff's Complaint (as amended) for which you deny the allegations, please explain and describe any facts which you believe ma support each denial.

**ANSWER:**

**ARS refers Plaintiff to its Answer to Plaintiff's Complaint, which was filed on July 28, 2017 at ECF 17.**

21. Please state the dates and exact contents of each reporting, which bore any of plaintiff's personal identifiers, you made to any consumer reporting agency(ies) (as defined by 15 U.S.C. 1681a) to which you subscribe(ed).

**ANSWER:**

**ARS is in the process of obtaining additional information regarding this Interrogatory and will provide the information upon receipt, as discovery in this matter is ongoing.**

22. Please explain and describe your specific allocation, in percentages and/or dollar amounts, of your resources committed to reinvestigation of consumer disputes complaining that your credit account(s) were created by or otherwise resulted from application fraud in the past 5 years.

**ANSWER:**

**Objection. ARS objects to this interrogatory on the grounds that it is confusing, irrelevant, unintelligible, vague, overbroad and not calculated to lead to the discovery of admissible evidence. ARS further objects to this Interrogatory on the grounds that it seeks information from ARS which is, or may be, confidential or proprietary in nature, the disclosure of which may place ARS at a competitive disadvantage in its industry.**

23. Please state your net income for each of the preceding eight (8) quarters.

**ANSWER:**

**Objection. ARS objects to this interrogatory on the grounds that it is irrelevant, vague, overbroad and not calculated to lead to the discovery of admissible evidence. By way of further response, the information sought in this Interrogatory is irrelevant, as this matter was not filed as a class action lawsuit.**

MARSHAL DENNEHEY WARNER COLEMAN & GOGGIN, P.C.

By: _____
RONALD M. METCHO
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2595 / (215) 575-2765 (f)
rmmetcho@mdwcg.com
Attorneys for Defendant
Ability Recovery Services, LLC

Dated: 1-16-18