IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Crystal Long, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 8:17-cv-01955-GJH |
| ) | |
| Ability Recovery Services, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PENDRICK CAPITAL PARTNERS II, LLC'S RESPONSE TO
PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff has filed a notice of supplemental authority in support of her argument that Pendrick Capital Partners II, LLC is subject to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). Plaintiff cites to *Barbato v. Greystone All., LLC*, 916 F.3d 260 (3d Cir. 2019) as supplemental authority for such a proposition.

As noted in Pendrick's motion for summary judgment, the Fourth Circuit follows *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 135 (4th Cir. 2016) in applying the "principal purpose" definition of a debt collector. While plaintiff may want to change the law, Maryland remains in the Fourth Circuit.

Indeed, Chief Judge Terry L. Wooten of the District Court of South Carolina, addressed this issue recently in *Barber v. Rushmore Loan Mgmt. Servs., LLC*, No. 3:17-982-TLW, 2018 WL 4489290, at *1 (D.S.C. Sept. 19, 2018) (appeal filed). There, EMC Mortgage, LLC ("EMC") acquired the debt after it was in default and Judge Wooten noted:

Moreover, an owner collecting debts on its own behalf is not a "debt collector" even if it acquired the debt after the debt was in default. *See Henson*, 817 F.3d at 134–35. As discussed above, EMC was the holder of the note when it sought to enforce its note and mortgage. Therefore, it owned the debt it was attempting to enforce. Even assuming, as Plaintiffs allege, that the debt was in default when EMC acquired it, EMC was not a "debt collector" under the FDCPA. Accordingly, summary judgment is appropriate for Plaintiffs' FDCPA claim.

*Id*. at *2.

As such, to the extent this Court accepts plaintiff's supplemental authority, it remains distinguishable, and inapposite in this Circuit, based upon the Fourth Circuit's decision in *Henson*.

Respectfully Submitted,

*/s/ Morgan I. Marcus*
Morgan I. Marcus
Sessions, Fishman, Nathan & Israel, LLC
120 South LaSalle Street, Suite 1960
Chicago, Illinois 60603
Telephone:   (312) 578-0990
E-mails:       mmarcus@sessions.legal
*Admitted Pro Hac Vice*

Patrick D. McKevitt
Whiteford Taylor and Preston LLP
Seven Saint Paul St.
Baltimore, MD 21202
pmckevitt@wtplaw.com
*Attorneys for Pendrick Capital Partners II, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2019, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will automatically be sent to the all parties of record by operation of the Court's electronic filing system.

*/s/ Morgan I. Marcus*